# SUPREME COURT OF TEXAS.

## DECEMBER TERM, 1849.

### MAYS v. LEWIS.

The sixty-seventh section of the act of 1848, entitled "An act to organize Justices' Courts and to define the powers and jurisdiction of the same" was manifestly intended to authorize a party to employ the writ of *certiorari* for the purpose of a revision and readjudication, in the District Courts, of the proceedings of a Justice's Court, upon the merits, upon both the law and facts, where such proceedings are illegal or erroneous, and where injury or injustice has been done; but it does not appear to have been intended that the writ should be awarded where it is not shown that there is any error or illegality in the judgment, or that any injury or injustice has been done.

An application for a writ of *certiorari*, under the sixty-seventh section of the act of 1848, (Hart. Dig., art. 1753,) should present facts with such circumstantial accuracy and distinctness as to enable the court to determine whether any injury or injustice has in fact been done. General allegations of injury and injustice are not sufficient.

*It seems* that where a party is duly served with process from a Justice's Court and fails to attend and make his defense, he will not be entitled to a writ of *certiorari*, under the sixty-seventh section of the act of 1848, on the ground that injustice has been done alone, unless he also show good cause why he neglected to make defense before the justice.

The sixty-seventh section of the act of 1848 prescribes *that no writ of certiorari shall be issued unless the party applying shall first give bond with two or more sufficient sureties, &c.* We cannot regard a bond with but *one* surety, however responsible, as a compliance with a statute which requires "two or more sufficient sureties." (Note 1.)

It has been the uniform practice of our courts to require in statutory bonds if not a strict and literal at least a substantial compliance with every direction and provision of the statute.

[2] Appeal from Guadalupe. The appellant filed his petition in the District Court on the 28th day of November, 1848, praying an injunction to stay proceedings on a judgment rendered against him in favor of the appellee in a Justice's Court, and a *certiorari* to remove the cause to the District Court.

The petition represents, in substance. that the judgment sought to be enjoined was for interest on a debt for which suit was then pending in the District Court, and to which suit the petitioner had filed his answer, denying the consideration of the notes sued on ; that he had paid and satisfied the said interest by work and labor done for the defendant in the petition, who had failed to credit him with the same, in fraud of his rights, &c. Upon this petition the judge, in vacation, awarded the writ. At the Spring Term, 1849, the defendant answered, denying the material allegations in the petition, and at the same time moved to dismiss the proceedings, assigning for causes—

1st. The want of equity in the petition.

2d. That the writ of injunction was not sued out within six months from the original judgment.

3d. That the petitioner had not given bond in conformity with the statute.

The court sustained the motion, and the plaintiff in the *certiorari* appealed.

*Sneed, Oldham & Neill,* for appellant.

*W. R. Lewis, for appellee.*

WHEELER, J. For the appellant, it is insisted that the court erred in dismissing the proceedings in the *certiorari* ; and the propriety of this ruling of the court is the only question presented for our consideration.

The act of 1848 (11 Stat., 297) provides that "no writ of *certiorari* shall be "granted," &c., "unless the party applying for the same shall make an affidavit

1

"in writing, setting forth sufficient [3] cause to entitle him to such writ," "and "no such writ shall be issued unless the party applying shall first give bond "with two or more sufficient sureties," &c. And the act further provides that "the case may be reviewed and tried *de novo*."

By these provisions of the statute it manifestly was the intention of the Legislature to authorize a party to employ the writ of *certiorari* for the purpose of a revision and readjudication, in the District Court, of the proceedings of a Justice's Court, upon the merits, upon both the law and facts, when the party applying for a writ is aggrieved by a proceeding illegal or erroneous, and in which injury or injustice has been done him. But it does not appear to have been intended that this writ should be awarded when it does not appear that there is any error or illegality in the judgment sought to be revised, or that any injury or injustice has been done the party applying for the writ. It is not pretended in the present case that there was any illegality or error committed by the justice in the proceedings and judgment in question. The application for the writ does not present facts with such circumstantial accuracy and distinctness as to enable the court to determine whether any injury or injustice has in fact been done the party. But if he has sustained an injury, there is no pretense that it was not in consequence of his own negligence and *laches*. Though duly served with process, he did not appear before the justice to assert his rights. He does not pretend that he was prevented from doing so, or from taking an appeal in the ordinary mode from the judgment by which he now professes to have been aggrieved. The party appears to have shown no "sufficient cause" to entitle him to the writ. It seems to us, therefore, to have been improvidently awarded, and that the proceedings were rightly dismissed, as having been irregular and unauthorized in the first instance. (1 Overt. Tenn. R., 59, 60; 2 Hawk's N. C. R., 100; 8 Yerg. R., 164; 5 Id., 108; 3 Dev. R., 377; 1 Blackf. R., 414; 8 Yerg. R., 222; 9 Wend. R., 433; 12 Id., 292.)

In Tennessee it is held that a *certiorari* will be dismissed if [4] the party does not show why an appeal was not resorted to; and also for the want of merits on the face of the petition. (2 Overt. Tenn. R., 110.)

But we are of opinion that the *certiorari* was rightly dismissed, for the further reason that the party prosecuting the writ did not give bond with *two* sureties, as required by the statute.

We are referred by counsel for the appellant to the cases of Foster *v.* Blount (1 Tenn. R., 343) and Johnson's Assignee *v.* Williams, (2 Id., 173.) where the Supreme Court of Tennessee appear to have held that the statute of that State requiring two sureties upon the bond given for prosecuting an appeal or *certiorari* is directory and need not be literally complied with, and that one surety will be sufficient, if satisfactorily responsible; and the court say it has been so decided in North Carolina, referring probably (though the case is not cited) to the case of Fleming *v.* Williams, (2 Hay. R., 400.) But in the comparatively recent cases of Jones *v.* Sykes (1 Murph. R., 281) and Gibson *v.* Lynch (Id., 495) the law is held otherwise in North Carolina. The decisions in Tennessee referred to were probably the result of a practice founded on the early decision referred to in North Carolina, but which has since been departed from in that State; and they appear to have received but little consideration.

In Massachusetts it is held that an appeal will not have any effect where the statute requisitions as to security to prosecute it are not complied with. (22 Pick. R., 11; 17 Id., 295.) The principle applies equally to the case of a *certiorari*, and it is believed to be in accordance with the current of decisions upon the subject. (1 Bibb R., 214; 1 Da. R., 589; 5 How. Mi. R., 298; 2 S. & M. R., 215; 3 Green R., 155.) No case is recollected in which this exact question has been decided here; but it has been the uniform practice of our courts to require in statutory bonds if not a strict and literal at least a substantial compliance with every direction and provision to the statute. This, it is conceived, has not been done in the present case. We cannot regard a bond with but *one* surety, [5] however responsible, as a compliance with a statute which requires

"*two or more sufficient sureties.*"   We r??? ?'? statute as intended to sec??? ?? ?h? defendant in the *certiorari* a ?.?`?, a??? ?.e do not feel authorized to ??? ?y him ?he right which the law has gi?? ?. ??? ?he statute has declared tha? ?`no wri? ? *certiorari* shall be issued ? ??s th? ??rty applying shall have "?? ?n bond w?h two or more sufficient ?? ?i??," ? ?old that the writ may be ???ed upon ?iving bond with one sure?? only wo??l be, it seems to us, to rej??al the statute.

                                            NOTE 1.—Cotton *v.* Gammon, *post*, 83; Shelton *v.* Wade, *post*, 148. Where the bond for a *certiorari* has but one surety, it is not void, but may be amended by giving an additional surety after the case has been removed to the District Court. (Berry *v.* Martin, 6 T., 251.) The plaintiff was allowed to execute a new bond when the first bond was not conditioned as the law requires and was not under seal. (Edmiston *v.* Edwards, 31 T., 172.) See Hollis *v.* Border, 10 T., 277; Smith *v.* Cheatham, 12 T., 37; Scranton *v.* Bell, 35 T., 413; Long *v.* Smith, 39 T., 160; King *v.* Hopkins, 42 T., 48. Executors and administrators are not exempt from giving *certiorari* bonds. (Ledbetter *v.* Swing, 19 T., 242.)