[No. 8,484.—In Bank.]
June 2, 1882.

## CUNNINGHAM v. SUPERIOR COURT OF SANTA CRUZ COUNTY.

AFFIDAVIT UPON APPLICATION FOR WRIT OF CERTIORARI—PETITION.—The affidavit upon an application for a writ of *certiorari* stated in effect that judgment had been rendered in a Superior Court against the plaintiff for the sum of one hundred dollars and eighty cents for goods sold, etc., and that the said judgment is in excess of the jurisdiction of the said Court.
*Held:* It does not appear from the petition, that the Court had not jurisdiction.    The action may have been commenced in a Justice's Court, and appealed to the Superior Court.

APPLICATION for a writ of *certiorari*.

The material parts of the affidavit filed upon the application for the writ, were as follows:

James F. Cunningham, the petitioner above named, being duly sworn, says: That he was the defendant in a certain action heretofore pending in the Superior Court of Santa Cruz County. That said action was commenced by Grover & Co., who, on the fourth day of April, 1882, did file the following amended complaint in said action. * * *

(Here follow allegations, in two counts, of an aggregate indebtedness from defendant to plaintiff of one hundred dollars and eighty cents, for goods sold, etc.)

And thereupon, on the twenty-fifth day of April, 1882, in the said respondent's Superior Court, a judgment was rendered and entered against said petitioner, which judgment is as follows, to wit:

(Here follows judgment for amount prayed for.)

That in rendering and entering said judgment, the said Superior Court of Santa Cruz County, and the Judge thereof, exceeded their jurisdiction, and the said judgment is in excess of the jurisdiction of said Court and of the Judge thereof, as appears on the face thereof.

That the rendering and entry of said judgment on said amended complaint was and is in excess of the jurisdiction of said Superior Court.

The petitioner further avers:

That there is no appeal from said judgment, and petitioner has not any plain, speedy, and adequate remedy. That the plaintiff in said action, to wit: the said Grover & Co., have threatened and are about to enforce the said judgment, and, as petitioner believes, will so do, unless the respondents be ordered to desist from further proceedings in said matter.

*J. M. Lesser*, for plaintiff.

The COURT:

The application for a writ of review is denied, upon the ground that it does not appear from the petition that the Superior Court had not jurisdiction to try the action referred to in the petition. It does not appear that the action was commenced in the Superior Court. It may have been commenced in a Justice's Court, and appealed to the Superior Court.