[Filed December 6, 1886.]

## J. W. WOOD v. STILLEY RIDDLE.

REVIEW—NECESSARY PARTIES IN.—In a proceeding to review the action of a county court in granting or refusing a license to sell spirituous liquors at retail, and analogous cases, the county or public corporation whose acts are to be reviewed must be made a defendant.

DOUGLAS COUNTY. Plaintiff appeals. Affirmed.

*W. R. Willis*, for Appellant.

*J. C. Fullerton*, for Respondent.

STRAHAN, J.—The respondent applied to the county court of Douglas County, for a license to sell spirituous liquors by retail. The appellant, with others, remonstrated. License was granted, and appellant procured a writ of review. Upon a hearing in the circuit court, the writ was dismissed, from which judgment this appeal is taken.

Douglas County is not a party to this proceeding, and for that reason it is fatally defective. The county court, representing the county, granted the license, and the county received the money. In all analogous cases in this state, from *Thompson* v. *Multnomah County*, 2 Or. 34, to *Pruden* v. *Grant County*, 12 Or. 308, the county, or other public corporation whose acts are to be reviewed, must be a defendant, and must have the privilege of being heard before its acts can be annulled on writ of review. (*Simon* v. *Portland Common Council*, 9 Or. 437; *Worcester and Nashua R. R. Co.* v. *R. R. Commis.*, 118 Mass. 561; *Crawford* v. *Township Board*, 22 Mich. 405.

For this reason the court below did not err in dismissing said writ, and its judgment is affirmed.