[Filed October 24, 1887.]

### THE OREGON AND WASHINGTON SAVINGS BANK, Appellant, *v.* JOHN CATLIN, County Judge, et al., Respondents.

Taxable Property — Indebtedness — How Deducted from. — In order to be allowed a deduction for indebtedness, claimed before the board of equalization, the statement of the particular indebtedness must be made and sworn to, in accordance with section 2752 of Hill's Code.

Party — When County must be. — In a proceeding to correct an erroneous assessment, the county must be made a party defendant.

Appeal from Multnomah County.   Affirmed.

*McDougall & Bower,* for Appellant.

Review is the proper remedy.   (*Rhea* v. *Umatilla County,* 2 Or. 698; *Poppleton* v. *Yamhill County,* 8 Or. 338.)

Deposits are indebtedness of the bank.   (*Marine Bank* v. *Fulton,* 2 Wall. 252; *Graves* v. *Dudley,* 20 N. Y. 80.)

If petitioner's statement of indebtedness came within the statute (Hill's Code, § 2752), it was the duty of the board of equalization to allow the same.   (Hill's Code, § 2778.)

The statement was properly verified.   It refers to, and is made part of the original verified return.

*McGinn & Simon,* for Respondents.

All statements of assessable property must be sworn to. (Sess. Acts, 1880, 52; Cooley on Taxation [2d ed.] 357; *Lee* v. *Commonw.* 6 Dana, 311.)

Lord, C. J.—This is a writ of review brought by the Oregon and Washington Mortgage Savings Bank of Oregon to review the action of the board of equalization of taxes for Multnomah County, Oregon. The appeal is from the judgment of the Circuit Court of that county, affirming the decision of the board, and dismissing the writ. The facts alleged in substance are: That the plaintiff, at the time therein stated, filed with the defendants as such board, a statement of its assessable property in Multnomah County, together with a statement of its indebtedness. That thereafter, on application of the plaintiff, the board allowed and ordered the plaintiff to make an amended return, and that after the same was filed it was ordered by the board that the claim for indebtedness be disallowed, and that the bank be assessed for the amount as stated in such return. To this the plaintiff excepted, and sued out the writ, with the result as stated.

The grievance of the plaintiff is this: That it should be allowed to deduct from its taxable property as indebtedness the individual deposits of its customers. Before, however, the officer is authorized to make such deductions, when allowable, the statute requires the party assessed to make a sworn statement of facts enumerated therein. It provides, among other things, that "no such indebtedness shall in any case be deducted, unless it be real *bona fide* indebtedness, due from the person assessed, etc. Nor shall a deduction be made in favor of any person assessed, unless he or she delivers to the assessor a written statement, duly sworn to, specifying the name and place of residence of the creditor, the nature of the debt, the names of other parties, if any, who are liable therefor, and which statement shall show that the debt or portion thereof sought to be deducted has not been deducted in any other county or place in the State from the assessment of such person for that year," etc. (Hill's Code, § 2752.) The original list shows that the plaintiff

had a fraction over one hundred and forty thousand dollars, taxable property, according to its own sworn statement, and that it had only been assessed for about half that amount—seventy thousand dollars—or fifty per cent of the amount admitted to be subject to taxation. By what principle, or by authority of what law, this mode of taxation is authorized or permitted, we are unable to discover or to understand.

In this respect, the assessment, certainly, affords the plaintiff little reason for complaint. It shows, however, a deduction of one hundred and one thousand dollars was claimed as an indebtedness for deposits, without stating the facts required by the statute for which deduction for indebtedness is allowed. To obviate this defect, and to secure the deduction of indebtedness as claimed, the plaintiff was allowed and ordered to file an amended return, in which the facts upon which the deduction was based, as required by law, should be exhibited.

Instead of doing this, the plaintiff simply attached to the original list, or submitted several sheets of paper upon which were written the names of the individual depositors, and the amount deposited, with a statement that the deposits there mentioned were all due and payable at the bank.

It is needless to say that this was not a compliance with the law or the order of the court; nor such a statement as would enable the board to ascertain the right of the plaintiff to the deduction claimed. Nor was it sworn to, so that, if found to be false, the punishment which the law pronounces in such cases could be enforced. Mr. Cooley says: " In some States the list has been required to be given in under oath; and that where this is the statute, the tax-payer will take no benefit from the list unless it is sworn to." (Cooley on Taxation, 357.) Upon this point our statute is explicit.

Before a deduction for indebtedness can be made, the statement must not only be sworn to, but the facts specified must be stated as required by the statute. As this was not done, the board was not authorized to do otherwise than reject it. There is also another objection which is fatal to this proceeding, the county and not the board is the proper party. In *Wood* v.

*Riddle,* 14 Or. 254, it was said by STRAHAN, J.: " In all analogous cases in this State, from *Thompson* v. *Multnomah County,* 2 Or. 34, to *Pruden* v. *Grant County,* 12 Or. 308, the county or other public corporation whose acts are to be reviewed must be a defendant, and must have the privilege of being heard before its acts can be annulled on writ of review.

The judgment must be affirmed.