[No. 14300. In Bank. — April 13, 1891.]

GEORGE T. MARSH, PETITIONER, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, RESPONDENT.

ASSIGNMENT FOR BENEFIT OF CREDITORS — APPOINTMENT OF TRUSTEE BY
COURT — ORDER REMOVING TRUSTEE — CERTIORARI — INSUFFICIENT PE-
TITION. — A petition to the supreme court for a writ of review to annul
an order of the superior court removing a trustee who had been previ-
ously appointed in place of a deceased assignee of an insolvent firm, to
whom a deed of assignment had been made for the benefit of its credi-
tors, and appointing another trustee in his stead, is insufficient to author-
ize the issuance of the writ, if it does not aver or show that the order
was made without notice to the removed trustee, and that the petition
for his removal did not charge that he had violated or was unfit to exe-
cute the duties of trustee under the deed of assignment.

ID. — CAUSE FOR REMOVAL OF TRUSTEE — PLEADING — CONCLUSION OF
LAW. — An averment, in the petition for a writ of review, that the peti-
tion asking for the removal of the assignee contained " no allegations of
any legal cause " why the said assignee should be removed is simply a
statement of a conclusion of law, and is not equivalent to an allegation
that the petition did not charge that the assignee had violated or was
unfit to execute the duties of trustee under the deed of assignment.

APPLICATION to the Supreme Court for a writ of re-
view to the Superior Court of the city and county of San
Francisco.

The petition averred that the petitioner was a creditor
of the firm of Blum, Eppstein & Co., which firm had
executed a deed of assignment for the benefit of credi-
tors to G. Friedlander; that afterwards the said Fried-
lander died, but that at the time of his death he had
filed no account of his administration of the insolvent
firm, and that he had a large amount of money and
property in his possession as assets of the insolvent
firm; that afterwards, upon the petitioner's application,
B. T. Whiteside was appointed assignee and trustee of
the creditors of the insolvent firm; that thereafter an
order was made purporting to revoke the order appoint-
ing Whiteside, and appointing Sigmund Greenebaum;

that the order appointing Greenebaum was in excess of jurisdiction, because no action had been commenced for the removal of said Whiteside as such trustee, and no proofs were made or offered to the court, nor did the court find that Whiteside had violated or was in any manner unfit to execute the trust imposed upon him, nor had he resigned the trust, nor was there any vacancy existing therein, but that the said order was made on a petition of certain persons claiming to be creditors, containing no allegation of any legal cause why said Whiteside should be removed and said Greenebaum appointed; that the said Greenebaum is attempting to execute the trust in an improper manner and to the prejudice and injury of the petitioner; and that as petitioner has no plain, speedy, or adequate remedy by appeal, he prays for a writ of review to the said superior court.

*Carroll Cook*, and *J. E. Foulds*, for Petitioner.

The COURT. — The petition herein is insufficient to authorize the issuance of the writ asked for.

The petition does not show that the order of the superior court removing B. T. Whiteside from the position of assignee or trustee, under the deed of assignment executed for the benefit of the creditors of the insolvent firm of Blum, Eppstein & Co., was made without notice to Whiteside.

The averment that the petition filed in the superior court, asking for the removal of said Whiteside, contained "no allegations of any legal cause why said Whiteside should be removed," is but the statement of a conclusion of law, and is not equivalent to a direct allegation that said petition did not charge that said Whiteside had violated or was unfit to execute the duties of trustee under said deed of assignment.

Application for writ denied.