Decided 15 June, 1903.

### FISHER v. UNION COUNTY.

[72 Pac. 797.]

WRIT OF REVIEW—WHO MAY PETITION FOR—HIGHWAYS.

1. Under B. & C. Comp. § 595, which authorizes any party to a proceeding before an inferior court to have its decision reviewed, a person stated to be a resident in the vicinity of a certain road and to have been a remonstrator against a change in the location thereof is a party to the proceeding, and may petition for the issuance of a writ of review.

COUNTY AS DEFENDANT IN REVIEW OF HIGHWAY PROCEEDINGS.

2. The county being the ultimate responsible party in all road matters, is the proper party defendant in a proceeding to review the action of its county court in laying out, altering or vacating a highway.

HIGHWAYS—TO WHOM WRIT OF REVIEW IS DIRECTED.

3. Under B. & C. Comp. § 599, providing that a writ of review shall be directed to the court, officer or tribunal whose decision or determination is sought to be reviewed, or to the clerk or other person having custody of its records or proceedings, a writ to review the action of the county court in vacating a road is properly directed to the county clerk, whose duty it is, under B. & C. Comp. § 1008, to keep the records, files, and other books and papers appertaining to said court.

NECESSITY OF PETITION IN PROCEEDING TO VACATE HIGHWAY.

4. Section 912, B. & C. Comp., authorizing county courts to vacate county roads in the manner provided by law, must be considered in connection with section

4783, providing the manner of publishing the petition for vacating the road, and the conclusion then necessarily follows that an application to vacate must be by petition.

PETITION FOR WRIT—SPECIFICATION OF—ERRORS.

5. Under B. & C. Comp. § 596, providing that a petition for a writ of review must describe with sufficient certainty the decision of the inferior court and the errors alleged to have been committed therein, a petition for a review of the action of a county court in vacating a road, alleging that the road described in the notice of application for vacation posted in the courthouse was not the same road specified in the petition for vacation, is a sufficient averment of fact to support the deduction that the county court erred in not dismissing the proceedings to vacate the road for want of jurisdiction, and hence is sufficient.

VACATING HIGHWAY—VARIANCE BETWEEN PETITION AND NOTICE.

6. In view of Section 4783, B. & C. Comp., requiring that notice be given of the hearing of the application for vacating a county road, a variance between the petition and the notice in stating the township in which the road to be vacated ends is fatal to the jurisdiction of the county court.

From Union: ROBERT EAKIN, Judge.

Writ of review by E. Fisher against Union County to review the action of the county court of said county in vacating a county road. From a judgment dismissing the writ, petitioner appeals.          REVERSED.

For appellant there was an oral argument by *Mr. W. M. Ramsey,* with a brief over the name of *Ramsey & Oliver,* to this effect:

I. Jurisdiction is acquired by county courts to lay out, alter or vacate county roads by the presentation of a proper petition, accompanied by proof that notice of the proceeding has been given as required by statute (Hill's Ann. Laws, §§ 4062, 4063, and 4064; *Johns* v. *Marion County,* 4 Or. 46), and the process of locating or altering is the same as that of vacating: *Vedder* v. *Marion County,* 22 Or. 264, 270 (29 Pac. 619); *Latimer* v. *Tillamook County,* 22 Or. 291 (29 Pac. 734); *State* v. *Green,* 18 N. J. Law, 179.

II. The petition and the notices for the location, alteration, or vacation of a county road, in order to confer jurisdiction upon the county court, must describe the road to be vacated, altered, or laid out with certainty, and, if the deginning point, the intermediate points, if any, or the terminus is not described with certainty, the court will not acquire

jurisdiction of the proceeding. The terminal points must be "specified:" Elliott, on Roads and Streets (2 ed.), § 337; Hill's Ann. Laws, §§ 4062 and 4063; *Ames* v. *Union County*, 17 Or. 600 (22 Pac. 118); *Woodruff* v. *Douglas County*, 17 Or. 314, 322 (21 Pac. 49); *Fulton* v. *Earhart*, 4 Or. 62; *Sime* v. *Spencer*, 30 Or. 340, 341 (47 Pac. 919); *Nelson* v. *Yamhill County*, 41 Or. 560 (69 Pac. 678); *French Livestock Co.* v. *Harney County*, 38 Or. 315, 316 (58 Pac. 36).

III. Proceedings to vacate highways must comply strictly with the statutes, or they are void: *Regina* v. *Jones*, Ad. & E. 684; *James* v. *Darlington*, 71 Wis. 173 (36 N. W. 834); *Price* v. *Stagray*, 68 Mich. 17 (35 N. W. 815); *Miller* v. *Corinna*, 42 Minn. 391 (44 N. W. 127).

For respondent there was a brief and an oral argument by *Mr. C. H. Finn* to this effect:

I. Unless the petitioner for review shows that he is more than simply one of the public, that he is living on the road to be vacated, or would be injured by its closing, he has not such an interest as will support a writ of *certiorari:* *Dawson* v. *St. Paul F. & M. Ins. Co.* 15 Minn. 136 (2 Am. Rep. 109); *Shaubet* v. *S. P. & S. C. R. Co.* 21 Minn. 502; *People* v. *Wheeler*, 21 N. Y. 82; *Brown* v. *San Francisco*, 124 Cal. 274 (57 Pac. 82); *Darling* v. *Boesch*, 67 Iowa, 702 (25 N. W. 887); *Walport* v. *Newcomb*, 106 Mich. 357 (64 N. W. 326); 6 Cyc. 768; 4 Enc. Pl. & Pr. §§ 166, 172, 176, and 234; *Schuster* v. *Larned*, 27 Minn. 253; *State* v. *Barton*, 36 Minn. 145; *State* v. *Holman*, 40 Minn. 369; *Commissioners of Highways* v. *Quinn*, 136 Ill. 604; *Taylor* v. *Commissioners*, 88 Ill. 526.

II. Vacation of county roads does not require definite statement in either petition or notice of the terminals. The road is sufficiently identified by name and general location: *Vedder* v. *Marion County*, 22 Or. 264 (29 Pac. 619).

III. The petition for the discontinuance of a highway

43 Or.—15.

need not describe it by termini, courses, and distances, or follow the exact description of laying out the road. It is sufficiently certain if it enables the court and commissioners to know and understand, without the possibility of a mistake, what highway is sought to be discontinued: *In re Milford*, 37 N. H. 57; *State* v. *Adams*, 21 Atl. 937.

IV. In *certiorari* the writ must run to the county court to review road matters, and not to the county: 4 Ency. Pl. & Pr. 180; *State* v. *Stout*, 33 N. J. Law, 42; *French* v. *Highway Com'rs*, 12 Mich. 267; *Roberts* v. *Highway Com'rs*, 24 Mich. 182; *People* v. *Highway Com'rs*, 30 N. Y. 72.

V. Section 587 of Hill's Ann. Laws requires the writ to be directed to the court, officer or tribunal whose decision is sought to be reviewed, and we submit that Union County is neither a court, an officer nor a tribunal, nor did it make the decision sought to be reviewed.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is an appeal from a judgment of the circuit court for Union County dismissing a writ of review. The petition for the writ, omitting the title, prayer, subscription, and verification, is as follows:

"Now at this time comes the above-named plaintiff, E. Fisher, and by this, his petition, shows to the court and alleges: That the plaintiff resides in the vicinity of the county road hereinafter described, and is one of the remonstrators against the closing and vacation of the same; that heretofore, to wit, on the fourth day of April, 1900, one T. R. Monk and some twenty-five others made application by petition to the honorable County Court of Union County, Oregon, sitting as a board of commissioners for the transaction of county business, for an order of said county court vacating a certain portion of the county road described in said petition, as follows: 'To vacate all that part of a certain public road as follows: Commencing at a point about 50 rods west of the S. E. corner of Sec. 2, Tp. 1 S., R. 38 E., running thence in a northwest dir. and

intersecting a Co. road which runs N. and S. on a $\frac{1}{4}$ Sec. line about 60 rods south of the N. W. cor. of E. $\frac{1}{2}$ of Sec. 2, Tp. 2 S., range 38 E., W. M.'; that said petition of said T. R. Monk, et al., did not specify the beginning, intermediate, and terminal points of the road proposed to be vacated, and no notices were posted in the vicinity of said proposed road, or upon the courthouse, as required by law, stating the time and place when the said T. R. Monk et al. would make the application for the vacation of the road described in the petition ; that the said T. R. Monk et al. did post a notice on the courthouse, and made proof that the same notice was posted in the vicinity sought to be vacated, but the road described in said notice was not the same road described in said petition ; that thereafter, to wit, on the seventh day of April, 1900, this plaintiff and about 58 others filed a remonstrance in the county court, remonstrating against the closing or vacation of the road described in the petition, and filed proof that each of said remonstrators was a householder residing in the vicinity of the road sought to be vacated, which remonstrance contained more names than there were petitioners on said petition ; that thereafter, to wit, such proceedings were had in the county court as that said court appointed viewers and a surveyor to view and survey said county road, and report to the court whether the prayer of said petition ought to be granted ; and on the third day of September, 1901, said viewers filed their report, recommending that a certain piece of county road described in the surveyor's field notes and plat attached to said viewers' report be vacated, but the road described in said plat and field notes is not the same road described in said petition or in said notice ; that, notwithstanding said defects, such proceedings were had thereafter in said county court that the said county court, by an order made on the sixth day of September, 1901, overruled and denied another remonstrance filed in said court by this plaintiff and 64 others against the vacation of said county road, and ordered that the portion of county road described in said surveyor's plat and field notes be vacated and closed, to the injury and damage to the substantial rights of this plaintiff. And plaintiff alleges the following errors committed by said county

court touching the vacation of said road, to wit: The court erred in entertaining said road petition; (2) the court erred in overruling said remonstrances; (3) the court erred in appointing viewers and a surveyor to view or survey said road proposed to be vacated; (4) the court erred in confirming and adopting the report of said viewers and in ordering said road to be closed and vacated; (5) the court erred in not dismissing said proceeding for want of jurisdiction."

A writ of review, allowed by the judge of the circuit court for Union County, issued and directed to G. W. Benson, clerk of said county, and served upon T. R. Monk and A. J. Colt, petitioners for the vacation of the road, was returned to the court issuing the same, with a certified copy of the proceedings in question annexed thereto, including the road petition, the descriptive part of which is as follows: "To vacate all that part of a certain public road as follows: Commencing at a point about 50 rods west of the S. E. cor. of Sec. 2, township 1 S., R. 38 E., running thence in a northwest dir. and intersecting a Co. road which runs N. and S. on a ¼ Sec. line about 60 rods south of the N. W. cor. of E. ½ of Sec. 2, Town. [here appears the figure 2, over which has been made a figure, and it is difficult to determine whether it was intended for 1 or 7] S., range 38 E., W. M." The notice thereof contains the same description, except that the places of beginning and termination are stated to be in township 7 south. The original petition and notice were sent up with the transcript, and it seems from an inspection of such notice that the copy of the number of the township as "7" is correct, though it may have been intended for "1." Proof of the publication of notice having been made, a remonstrance was filed, but, the persons subscribing their names thereto having failed to state that they were householders, or that they resided in the vicinity of the said road, it was overruled. The plaintiff's counsel having petitioned the county court

for a rehearing, another remonstrance was filed, which was overruled May 10, 1900, and, no order having been made continuing the proceedings, though several terms of the county court intervened prior to March 6, 1901, when said court, upon motion of counsel for petitioners, set aside all orders theretofore made therein, and, an undertaking having been given by the petitioners, viewers were appointed June 5 of that year, to view and report upon the advisability of vacating said road, whereupon another remonstrance was filed July 8, 1901. The persons so appointed not having discharged the duty devolving upon them, the county court, on August 7, 1901, appointed other viewers and a surveyor, who, having viewed and surveyed the road proposed to be vacated, reported in favor thereof September 3, 1901, whereupon plaintiff's counsel again moved the court to dismiss the proceedings, assigning various reasons therefor; but, this motion having been also overruled, an order was made three days thereafter vacating said road, and ordering the report of the viewers and the plat of the surveyor to be recorded. The circuit court, upon its review of these proceedings, held that plaintiff's petition did not state facts sufficient to entitle him to the relief demanded, and dismissed the writ; from which judgment he appeals.

It is contended by plaintiff's counsel that a material variance exists between the description of the road in the petition and that in the notice, by reason whereof the county court never acquired jurisdiction of the subject-matter, and hence the circuit court erred in rendering the judgment complained of. The defendant's counsel maintain, on the other hand, that the petition for the writ of review does not state facts sufficient to entitle plaintiff to the relief demanded, in that it fails to show that he is specially injured, or even affected in any manner, by the vacation of said road; that the writ should have

run to the county court, and not to the county; that said court is vested with authority to vacate a county road without a petition therefor; and that, if a petition was necessary to confer jurisdiction, the one made use of was sufficient for that purpose, and for either of these reasons no error was committed as alleged.

1. Considering, first, in their respective order, the legal propositions insisted upon by defendant's counsel, the statute authorizes any party to a proceeding before an inferior court to have its decision reviewed for errors therein: B. & C. Comp. § 595. A petition addressed to a county court, praying for the location, alteration, or vacation of a county road, performs the office of a complaint, in which the persons thus invoking an exercise of jurisdiction over the subject-matter are in the nature of parties plaintiff, while a remonstrance against the granting thereof is tantamount to an answer, in which the persons so objecting sustain the character of parties defendant. The allegation in the petition that plaintiff was a remonstrator against the vacation of said road, residing in the vicinity thereof, is, in our opinion, sufficient to establish his right to the writ.

2. The statute prescribing the persons to whom the writ of review shall be addressed provides that it shall be directed to the court, officer, or tribunal whose decision or determination is sought to be reviewed, or to the clerk or other person having custody of its records or proceedings: B. &. C. Comp. § 599. The power to locate, alter, or vacate county roads, and also the duty to maintain them when opened, is lodged in and devolves upon the community at large; and its representatives, when duly assembled, may delegate this power to, and impose the corresponding duty that is inseparably connected therewith upon, a public or quasi public corporation which is authorized to exercise the measure of power conferred, and required to

perform the duty enjoined. The legislative assembly of this state has delegated to each county a part of this power by statutes containing the following provisions: All county roads shall be under the supervision of the county court of the county wherein the said road is located: B. & C. Comp. § 4822. The county court has the authority and powers pertaining to county commissioners to transact county business; that is: "(3) To establish, vacate, or alter county roads or highways within the county, or any other necessary act relating thereto, in the manner provided by law": B. & C. Comp. § 912. In cases of injury upon the public highways caused by the negligence of officers whose duty it is to keep up repairs, the party responsible for such injury is the corporation, which has been the recipient of the power delegated and of the duty imposed. In the transaction of county business the county court is an agency of the county that is represented by it, and under the maxim, "*Qui facit per alium facit per se,*" the county is the principal that is usually responsible for the acts of its court in all matters pertaining to the highways within its borders, and hence the county is the proper party defendant in proceedings to review the action of such court in laying out, altering, or vacating the highways: *Wood* v. *Riddle,* 14 Or. 254 (12 Pac. 385); *Oregon & W. Sav. Bank* v. *Catlin,* 15 Or. 342 (15 Pac. 462).

3. The writ of review may be addressed, however, to the clerk or other person having the custody of the records or proceedings of the court whose decision is sought to be reviewed (B. & C. Comp. § 599), and, as the process in the case at bar was directed to G. W. Benson, the clerk of Union County, whose duty it was to keep the records, files, and other books and papers appertaining to said court (B. & C. Comp. § 1008, subd. 3), the writ was properly addressed.

4. It is argued by defendant's counsel that an abroga-

tion of an existing county road is not an exercise of eminent domain, and, as Section 4782, B. & C. Comp., does not contain the word "vacating," the power of a county court in such cases may be wielded *sua sponte*, and need not be invoked by a petition. The statute to which attention is called is an amendment of section 2 of the act of January 27, 1854 (Stat. Or. 1854–55, p. 486), which was as follows: "All application for laying out, altering or vacating county roads shall be by petition to the board of county commissioners of the proper county, signed by at least twelve householders of the county, residing in the vicinity where said road is to be laid out, altered or vacated, which petition shall specify the place of beginning, the intermediate points, if any, and the place of termination of said road." The amendment was made October 20, 1860, and consisted in changing the words "vacating" to "locating," "vacated" to "located," and "county commissioners" to "county court": Gen. Laws, Or. as compiled by Deady and Lane, p. 721. A further amendment has been made, but the words adverted to remain as thus changed: B. & C. Comp. § 4782. Section 3 of the act of October 20, 1860, in force when the petition to vacate the road in question was presented to the county court, is as follows: "When any petition shall be presented for the action of the county court for laying out, alteration or vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted at the place of holding the county court, and also in three public places in the vicinity of said road or proposed road, thirty days previous to the presentation of said petition to the county court, notifying all persons concerned that application will be made to the said county court at their next session for laying out, altering or vacating such road, as the case may be": B. & C. Comp. § 4783. A county court being authorized to vacate a

county road "in the manner provided by law" (B. & C. Comp. § 912), the language thus employed evidences a legislative grant of power for that purpose, and, the statute having prescribed that when any petition shall be presented for the action of the county court for the vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, etc. (B. & C. Comp. § 4783), the manner of executing the power delegated is thus provided by law. Construing these sections *in pari materia* we think it necessarily follows that an application to vacate a county road must be made by petition, but the determination of the question as to whether such petition should specify "the place of beginning, the intermediate points, if any, and the place of termination of said road," as prescribed in Section 4782 B. & C. Comp. is not necessary to a decision herein, nor, if the question were involved, would any conclusion thereon be of any practical value hereafter, because sections 7 and 8 of the act of February 24, 1903, were evidently designed to remove all ambiguity that may have existed in the prior statute : Laws, 1903, pp. 262–264.

5. Having concluded that a petition was necessary to invoke the power of the county court to vacate the road, the remaining question is whether the petition in the case at bar and the notice given by advertisement in pursuance thereof were sufficient to invest the county court with jurisdiction of the subject-matter and of the persons concerned therein. As a preliminary matter, however, it must first be determined whether or not plaintiff's petition states facts sufficient to authorize the review of the decision of the county court for errors therein. The statute provides that a writ of review shall be allowed upon the petition of the plaintiff describing with convenient certainty the decision or determination of the inferior court, officer, or tribunal, and setting forth the errors alleged to have been

committed therein : B. & C. Comp. § 596. A petition for a writ of review must state the facts constituting the alleged erroneous exercise of judicial functions or the employment of excessive jurisdiction with such certainty of detail as to enable the court, from an inspection of the averments, to determine whether an injury or injustice has been done to the petitioner by the decision or determination of which he complains : *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852); *Cunningham* v. *Superior Court,* 60 Cal. 576; *Brandon* v. *Superior Court* (Cal.), 11 Pac. 128; *Mays* v. *Lewis,* 4 Tex. 1. It will be remembered that the petition for the writ of review in the case at bar assigns in a general way several errors alleged to have been committed by the county court in vacating the road, but such assignments are mere conclusions of law, and insufficient as a basis for affirmative relief : *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852). The rule here stated is not in conflict with that announced in *Woodruff* v. *County of Douglas,* 17 Or. 314 (21 Pac. 49), or in *Cameron* v. *Wasco County,* 27 Or. 318 (41 Pac. 160), which relates to the lack of assignments of error in notices of appeal, though these cases were appeals from judgments involving proceedings to review the orders of county courts. Examining plaintiff's petition for the writ of review in the light which these rules afford, it will be observed that it states that the county road described in the notice posted on the county courthouse and elsewhere was not the same road specified in the petition for the vacation. This, in our opinion, is sufficient averment of a material fact from which the legal conclusion is deduced that the county court erred in not dismissing the proceedings to vacate the road for want of jurisdiction, as stated in the fifth assignment of error. The petition for the writ of review is sufficient to challenge the jurisdiction of the county court in the particular specified.

6. It now becomes necessary to examine the certified copy of the proceedings annexed to the writ. The original petition presented to the county court shows that the place of termination of the road sought to be vacated is either in township 1, 2, or 7 south, while the original notice states such place to be either in township 1 or 7 south. The report of the surveyor appointed to survey the road proposed to be vacated shows that the point of beginning is 8 chains west of the southeast corner of section 2 in township 1 south of range 38 east of the Willamette Meridian, thence running in a northwesterly direction, stating course and distance, and terminating at a point in the center of the county road 12.54 chains south of the quarter post on the north side of said section. A. J. Colt, one of the petitioners for the vacation of the road, on May 10, 1901, gave an undertaking stipulating to pay the costs of the view of the proposed vacation in case the prayer of the petitioners should not be granted, in which the termination of said road is stated to be in township 2 south, and the county court, in its order of June 5th of that year, appointing viewers, recites that the place of termination of the road is in said township. Whether the place of termination in the original notice was intended to be in township 1 or 7 south, it is certain, from an inspection thereof, that it is not located in township 2 south, as stated by Colt in his undertaking, and by the county court in its order. If a petitioner, who was interested in securing a vacation of the road was unable correctly to read the description of the place of termination of the proposed vacation, and the county court, which must have examined the petition, was not more successful in deciphering the manuscript, we think it safe to say that the other parties concerned in the matter could hardly have interpreted the writing, from an inspection thereof, any better. There being a variance between the petition and the notice in the respect men-

tioned, and the statute having required that notice should be given, etc., notifying all persons concerned that an application would be made to the county court at their next session for "vacating such road" (B. & C. Comp. § 4783), meaning the road specified in the petition, no sufficient notice of the petition was given, and hence the county court was without jurisdiction to make the order complained of: *Grady* v. *Dundon,* 30 Or. 333 (47 Pac. 915). It follows that the judgment of the circuit court is reversed, and the cause remanded, with directions to set aside the proceedings of the county court in the matter of vacating said road.                                                     REVERSED.

Decided 15 June, 1903.