(No. 5113.    September 12, 1927.)

J. K. VAUGHT, Plaintiff, v. THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, of the State of Idaho, in and for the County of Camas, and H. F. ENSIGN, Judge of the Said Court, Defendants.

[260 Pac. 160.]

CERTIORARI—FORECLOSURE PROCEEDING—APPOINTMENT OF RECEIVER—EXCESS OF JURISDICTION—INSUFFICIENCY OF AFFIDAVIT, EFFECT.

To warrant issuance of writ for review of order appointing receiver in foreclosure proceeding, based on excess of juris-

diction, affidavit therefor must set out facts showing that jurisdiction was exceeded, and its mere allegation that it was exceeded is not sufficient; nor can the omission be supplied by reference to the transcript.

APPLICATION for Writ of Review.

J. G. Hedrick and Frank Croner, for Plaintiff.

T. BAILEY LEE, J.—Petitioner, a defendant in an action pending in Camas county for the foreclosure of "certain real estate," the nature of which is undisclosed, seeks a review of the trial court's order appointing a receiver "for the said property, and authorizing the said receiver to collect, receive and take possession of all of the rents, issues and profits arising from or in connection with the said premises."

The only grounds set out in the affidavit consist of a bare statement of the appointment and its purpose as just quoted coupled with an allegation "that in making the said order appointing the said receiver, the said district court and the judge thereof exceeded their jurisdiction, and that the said order is in excess of the jurisdiction of the said court and without any authority in law, as appears upon the face thereof and from the pleadings and proofs offered on the hearing of the said application for the said order."

That the affidavit is insufficient is apparent. The lone statement that the court exceeded its jurisdiction, unaccompanied by some recital showing in what respect that jurisdiction was exceeded, is but a mere conclusion of law. There are multitudinous instances where the court may appoint a receiver to take charge of property in foreclosure cases; and, as far as this court can be advised by the affidavit, the appointment complained of may have been eminently proper.

Publisher's Note.

See Certiorari, 11 C. J., sec. 142, p. 150, n. 22; sec. 147, p. 151, n. 42, 43.

To warrant the issuance of a writ of review, "if the application is based on want or excess of jurisdiction, such facts must be set out that the court may see that there is just ground of complaint. And it is not sufficient merely to state the legal conclusion as to want or excess of jurisdiction." (11 C. J. 151, sec. 147; *Cunningham v. Superior Court*, 60 Cal. 576; *Brandon v. Superior Court*, 2 Cal. Unrep. 654, 11 Pac. 128; *Marsh v. Superior Court*, 88 Cal. 595, 26 Pac. 962.) The affidavit must be complete in itself, and omissions cannot be supplied by reference to the transcript. (11 C. J. 150, sec. 142.)

There not having been alleged any fact indicating an excess of jurisdiction, the application must be dismissed.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.