

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXSON
ATTORNEY GENERAL

No. 3077

This opinion holds that proposed insurance
policy provisions providing for an assign-
ment to the issuing company by the insured
of all his dividend earnings and all his
right, title and interest in such policy to
the extent of his, as well as the benefi-
ciary's, indebtedness of every kind and
character are void.

OFFICE OF THE ATTORNEY GENERAL

August 8, 1939

Honorable Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-886
Re: Whether certain provisions of
a proposed policy of Mutual
Reserve Life Insurance Company
are legal.

This will acknowledge receipt of your letter of May
26, 1939, in which you submit for an opinion of this depart-
ment the question of the validity of the hereinafter quoted
proposed insurance policy provisions viewed in the light of
Articles 4764b (also, codified as Article 3832a), 5068a, 4809,
and 4811 of the Revised Civil Statutes of Texas, 1925. Such
provisions are:

"It being contemplated that the applicant,
and/or the beneficiary might be or become in-
debted to the Company otherwise than by reason

of or in connection with such policy, it is agreed that if any liability accrues against the company under the terms of any policy issued on or under this application, or any renewal of any such policy, or any policy issued in lieu thereof or exchange therefor, any and all such indebtedness to the Company, directly or indirectly, of whatsoever kind, either by the insured or any beneficiary, shall be deducted in any settlement of such policy, or of any benefit thereunder, and I hereby irrevocably transfer and assign unto said Texas Mutual Reserve Life Insurance Company such policy, and/or any and all benefits thereunder, and/or any right to any settlement thereunder to the extent necessary to cover and discharge any and all of such indebtedness."

"I hereby irrevocably assign to Texas Mutual Reserve Life Insurance Company all of my rights, title and interest in and to all of the surplus profits which has accrued or may accrue to me under my policy as is provided for in Chapter 7 of the Revised Civil Statutes of the State of Texas, 1925, and advance said sum or any portion thereof that in the judgment of the Board of Directors of the Company may be necessary to enable the Company to promote or conserve its business or to enable it to comply with any requirement of the law."

Article 4764b, Revised Civil Statutes of Texas, 1925, also codified by Vernon as Article 3832a, reads:

"The cash surrender value of any life insurance policy which has been in force more than two years, shall be exempt from liability for any debt, and shall not be subject to forced sale, or other process to satisfy any debt, provided a member or members of the family of the insured are the beneficiaries under such policy, and in event they are only partially the beneficiaries then such policies shall be so exempt to the extent of their beneficiary interest. This act shall not apply to debts arising under the policy nor to debts secured by lawful assignment of the policy."

Article 5068a, Revised Civil Statutes of Texas, 1925, reads:

"Section 1.  No money or benefits of any kind to be paid or rendered on a weekly, monthly

or other periodic or installment basis to the
insured or any beneficiary under any policy of
insurance issued by a life, health or accident
insurance company, including mutual and frater-
nal insurance, or under any plan or program of
annuities and benefits in use by any employer,
shall be liable to execution, attachment, gar-
nishment or other process or be seized, taken
or appropriated or applied by any legal or
equitable process or operation of law to pay
any debt or liability of the insured or of any
beneficiary, either before or after said money
or benefits is or are paid or rendered, except
for premiums payable on such policy or a debt
of the insured secured by a pledge thereof.

"Sec. 2. Wherever any policy or insurance
or plan or program of annuties and benefits men-
tioned in Section 1 of this Act shall contain a
provision against assignment or commutation by
any beneficiary thereunder of the money or bene-
fits to be paid or rendered thereunder, or any
rights therein any assignment or commutation or
any attempted assignments or commutation by such
beneficiary of such money or benefits or rights
in violation of such provision shall be wholly
void."

Article 4809, Revised Civil Statutes of Texas, 1925,
provides that the net premium shall be calculated in accord-
ance with the provisions of Article 4808, Revised Civil
Statutes of Texas, 1925, and provides that no portion of such
net premium so arrived at shall ever be used for any character
of expense of the company or for any purpose other than the
payment of death losses, surrender values, lawful dividends
to policyholders, loans on policies, and for such investments
as are prescribed by law. The import of such article is to
place a statutory limitation upon the right of a company to
expend its funds.

Article 4811, Revised Civil Statutes of Texas, 1925,
provides that mutual companies shall make an annual account-
ing and declare dividends from its surplus after deducting
therefrom a contingency reserve as is provided for elsewhere
in Chapter 7, Title 78, Revised Civil Statutes of Texas, 1925,
and requires that such dividends so declared shall be paid
the policyholder in cash or in the equivalent of cash in any
option stated in the policy and selected by the policyholder
in writing.

In addition to the articles of our statutes to which you make reference in your inquiry, it is to be noted that Article 4819, Revised Civil Statutes of Texas, 1925, provides that:

"The provisions of Chapter 3 of this Title when not in conflict with the articles of this chapter shall apply to and govern mutual insurance companies."

Article 4733, incorporated in Chapter 3, Title 78, Revised Civil Statutes of Texas, 1925, provides that no policy of life insurance shall be issued or delivered in this state or be issued by a life insurance company incorporated under the laws of this state, if it contains certain provisions thereinafter enumerated in three separate subdivisions. Subdivision 3 thereof reads in part:

"A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy and less any indebtedness to the company on the policy and less any premium that may by the terms of the policy be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations . . . ."

The words "on the policy", as used in the above quoted article can have no other meaning than that no policy of insurance can be issued in Texas which provides for the deduction from the proceeds of such policy of any sums of money whatsoever other than for such loans as might have been made against the same together with such interest thereon as was provided for in the loan contract. In addition thereto, such other deductions as are specifically mentioned in such article may be made.

The Supreme Court, in the case of First Texas State Insurance Company v. Smalley, 228 S. W. 550, held that provisions inconsistent with the above statute are void. We deem the language of Judge Greenwood in such case as a true expression of the Legislative intent, as well as the public policy of such statute. He said:

"In order to determine the true meaning of the obscure prohibition against provisions for modes of settlement of less value than the amounts insured on the face of a life insurance policy,

plus dividends and less premiums and other indebtedness, subject to certain exceptions, resort can properly be had to the occasion for the statute's enactment, and to the remedy it was designed to afford, and to all the words of the statute.

"It was formerly usual for policies of life insurance to contain numerous conditions on which the amount or amounts promised to be paid on the death of the insured might be reduced or entirely defeated. Among common conditions were those relating to the insured's occupation, habits, residence, and suicide. Not infrequently the amount of the insurance was stated in bold type, on the face of the policy, while the conditions were inconspicuously put on the back. Such policies could be used to lead the unwary into the belief that they held enforceable promises of real and substantial benefits,when the promises were so limited and conditioned as to have slight actual value. In this way premiums could be collected from the insured in exchange for apparent, rather than real, obligations on the part of the insurers.

"The above were evils to be remedied by the statute, which was enacted in the interest of the insured. To accomplish the legislative intent, the language of the statute must be given such signification as to afford a reasonable remedy for these evils. The public policy declared is that the amounts promised to be paid on the death of the insured are not to be withheld nor diminished under limitations or conditions, except to the extent of subsisting indebtedness to the insurer, including premiums, save in the specially enumerated instances of the insured's death by suicide or from following specified hazardous occupations. In this way the contract in this state as to benefits from life insurance is rendered simple and easily understood by all, including those lacking legal or business experience.

"  . . . . .

"The object of the statute being to prevent insurers from accomplishing a diminution in the payments promised, except as expressly authorized, it is mandatory. To give effect to the inhibited clauses would be to abrogate or evade the statute. Provisions inconsistent with the statute are void."

Article 4812, Revised Civil Statutes of Texas, 1925, incorporated in Chapter 7, specifically provides that mutual life insurance companies "shall issue no policies except upon the participating plan with dividends payable annually as provided in this chapter." To provide for the assignment by the insured to the insurer of all future dividends or so much thereof as the Board of Directors of the insurer should choose to use, would be in direct conflict with the plain wording of such statute.

All statutes dealing with a given subject when considered together reflect the public policy of this state. McCamey v. Hollister Oil Co., et al, 241 S. W. 689.

Viewing all the statutes hereinabove referred to and the cases cited, it is manifest that the public policy of the state is to protect those who buy life insurance to the extent of giving them some assurance that they, their estate or beneficiary may reasonably expect to receive the face value of their policies less such deductions, and only such deductions as are permitted by law. It is not logical to assume in the instant case that the great majority of insurance buyers would, or could fully understand the significance of the proposed provisions. It is equally as illogical to assume that the insurer and its agents would make a full explanation to prosepective buyers of the significance of such provisions.

To permit the incorporation of the proposed policy provisions into a policy of life insurance would be but placing a stamp of approval upon a scheme to circumvent and defeat not only the plain and unambiguous expressions of the Legislature in the statutes herein referred to, but as well the broad public policy of the law.

For all the reasons herein given, it is the opinion of this department, and you are so advised, that the proposed policy provisions above quoted are contrary to the law and cannot be incorporated in a life insurance policy.

LA:GO:wc

Very truly yours
ATTORNEY GENERAL OF TEXAS

This opinion has been considered in conference, approved, and ordered recorded.

By s/Lloyd Armstrong
Lloyd Armstrong
Assistant

s/Gerald C. Mann
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS