## Ex Parte Tom Bates.

### *No. 1229.   Decided April 21st, 1897.*

**Misdemeanor Convicts—Liability to Manual Labor.**

Section 3, of Article 16, of the Constitution, which provides, that "The legislature shall make provision whereby persons convicted of misdemeanors and committed to the county jail in default of payment of fine and costs, shall be required to pay such fine and costs by manual labor, under such regulations as may be prescribed by law," is not a limitation upon the power of the legislature and confining its authority to the passage of such laws only when the penalty imposed in such misdemeanor cases is, "a fine and costs"; but such manual labor can legally be exacted and enforced under Art. 3729, Rev. Stat., in all cases where the penalty imposed is imprisonment in the county jail, whether the same be for non-payment of a fine and costs or not.

APPEAL from the Criminal District Court of Galveston.   Tried below before Hon. E. D. CAVIN.

Appeal from a judgment of the court below remanding appellant to custody after a hearing upon habeas corpus.

The opinion states the case.

*Wilford H. Smith*, for relator.—The court erred in holding that the relator could be held to involuntary manual labor on the county convict farm and other public works, under the order of the Commissioners' Court, before the expiration of his term of twelve months in jail, assessed as a part of the punishment. Rev. Stat., 1895, Code Crim. Proc., Title 9, Chap. 4, Arts. 857, 858, 859; Ex parte Wyatt, 29 Tex. Crim. App., 398.   To hold differently would be to render nugatory all the provisions of the statute for the hiring the time of county convicts held for fine and costs; and the payment by a prisoner of his fine and costs in a case like this would be discouraged, because he could not thereby secure his release.

The court erred in holding that the legislature was authorized and had the power, under the Constitution of the State of Texas, to enact that law, authorizing the Commissioners' Court to require persons convicted of misdemeanor, and whose punishment is assessed at confinement in jail, to be required to do manual labor on the county convict farm and other public works, before the expiration of their jail sentence.   Constitution of State of Texas, Art. 16, Sec. 3.

The provision of the Constitution above referred to, is subject to strict construction, and can intend no more than its language plainly states.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Under an indictment charging relator with the offense of assault with intent to murder, he was convicted of an aggravated assault and battery, and his punishment assessed at twelve months in the county jail, and, in addition thereto, a fine of $250. The

judgment was in the usual form, remanding relator to the custody of the sheriff of Galveston County, to be by him incarcerated in the county jail of said county for the space of twelve months, and further until the fine and costs were paid. "On the 12th of March, 1897, in accordance with the regulations of the Commissioners' Court of said county, duly made in conformity with law, the County Judge of said county issued and delivered to the respondent an order directing the sheriff of said county to deliver to respondent the said Tom Bates, and that respondent presented and delivered said order to said sheriff, who forthwith delivered said Tom Bates to respondent superintendent as aforesaid, and respondent received said Tom Bates, and forthwith conveyed him to the county farm of said county, there to perform such manual labor as is required by law of county convicts; and respondent, acting in his capacity as superintendent of said farm as aforesaid, ever since has and now does require said Tom Bates to perform such manual labor, and restrains him of his liberty at such farm." The petition for the writ of habeas corpus herein alleged that T. B. Perkins, superintendent of the county convict farm, illegally restrains the relator of his liberty; and in answer thereto said Perkins set up, among other things, the facts above stated. The contention of the relator is that the Commissioners' Court has no authority to require manual labor of him during his imprisonment for the twelve months, and that he can only be put to manual labor where the punishment is for a fine. In support of this contention we are cited to Ex parte Wyatt, 29 Tex. Crim. App., 398. In that case it was held that when a county convict was remanded to the custody of the sheriff, to be placed in jail, to be incarcerated for the time allotted him by the jury as imprisonment, the sheriff was without authority to let him go at large, and, in case he did, it would be treated as an escape, and the party could be recaptured and reincarcerated. We are of opinion that that decision is correct, but that it has no application whatever to the question at issue in this case. Appellant also contends that the Commissioners' Court had no authority to enter the order requiring county convicts to work during their term of imprisonment, when said imprisonment was inflicted as a part of the punishment; and in that connection insists that the Act of the Legislature (Art. 3729 of the Revised Statutes, 1895) is in contravention of Article 16, § 3, of the Constitution. Article 3729 reads as follows: When the punishment assessed in a conviction in misdemeanor cases, is confinement in the county jail for a period less than one day, the convict shall not be required to work either in the workhouse or elsewhere, but when such punishment is confinement in the county jail for a longer time than one day, the convict shall be required to do manual labor in accordance with the provisions of this chapter." Sec. 3 of Art. 16 of the Constitution provides: "The legislature shall make provision, whereby persons convicted of misdemeanors and committed to the county jail in default of payment of fine and costs, shall be required to pay such fine and costs by manual labor under such regulations as may be prescribed by law." This section

makes it imperative upon the legislature in all cases in which the convict in misdemeanors has been committed to jail in default of payment of the fine and costs to provide that the fine and costs shall be discharged by manual labor, under such regulations as the legislature may deem fit. It is contended that, if the penalty be imprisonment in the county jail, the legislature has no power to require manual labor of the convict. This is not correct. Sec. 3 of Art. 16 is not a limitation upon the power of the legislature on this subject. Without any express authority from the Constitution, the legislature could pass an act requiring not only the fine and costs to be discharged by manual labor, but that the convict could be required to perform manual labor in the manner directed by the legislature. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.