Argued February 20, decided April 7, rehearing denied August 4, 1908.

## HOLMES *v.* COLE.

[94 Pac. 964.]

APPEAL—REVIEW—SCOPE—QUESTIONS NOT PASSED ON BY LOWER COURT.

1. Where the only ruling made by the court below was upon a motion to dismiss a writ of review for insufficiency of the petition, the merits of the case cannot be considered on appeal.

CERTIORARI—NATURE AND GROUNDS—STATUTORY PROVISIONS—PETITION —CONTENTS.

2. Under Section 596, B. & C. Comp., providing that a writ of review shall be allowed by the court of the county wherein the determination to be reviewed was made, upon the petition of the plaintiff, describing the same with convenient certainty and setting forth the errors relied upon, the petition must contain a sufficient statement of the facts when taken as true to disclose to the court that plaintiff is entitled to the writ.

SAME—NATURE AND SCOPE—"WRIT OF REVIEW."

3. The writ of review is substantially the common-law certiorari, but under the express provisions of Sections 595, 603, B. & C. Comp., it lies only to review a determination of the proceeding, and not from an interlocutory order, nor to remove a cause for hearing in another court ; while at common law, certiorari was used both as a writ of review after final judgment, and also for removing the entire cause at any stage for hearing and determination in the upper court.

SAME—SPECIAL PROCEEDING—PROCEDURE.

4. The proceeding for a writ of review is a special one, the writ is issued *ex parte*, and a motion is the proper method for calling to the attention of the court any matter requiring its action, as to the propriety of issuing the writ.

SAME—REVIEW—ERRORS RELIED UPON.

5. If, upon an examination of the petition for a writ of review in the first instance, the judge finds it insufficient, he should disallow the writ, but, if he

has inadvertently issued the writ, the adverse party is not precluded thereby from questioning the sufficiency of the petition before it comes on for hearing on the merits, since no errors can be considered upon the merits, except those properly brought up by the petition.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is an appeal from an order of the circuit court dismissing a writ of review, for the reason that the petition does not state facts sufficient to warrant the issuance of the writ. The petition for the writ recites that the administration of the estate of Levi Bartmess was pending in the county court in the State of Oregon for Marion County, the estate being valued at $5,500, that there are two heirs—Harvey H. Cole and James T. Cole —and that the latter could not be found nor his place of residence ascertained. On the petition of Harvey, Oscar Cole, his son, was appointed administrator. The plaintiffs were the attorneys for the estate, and Harvey, desiring to acquire the title to the property divested of the claim of James T., jointly with Oscar, employed them to negotiate a loan of $2,000 to the estate, to be secured by mortgage on the land, for the purpose of funding its debts, including a fee of $1,000 to the plaintiffs for said service, and to procure thereafter an administration sale of said land to pay said mortgage and at which Harvey might become the purchaser.

Plaintiffs, as such attorneys, received the money upon said loan, and retained $1,000 thereof on the said fee, and refused to turn it over to the administrator. Thereafter the administrator filed a petition in the county court, reciting these facts, and asking that plaintiffs be required to pay over said sum to the administrator. The county court on November 20, 1905, granted an order thereon, requiring said attorneys to pay over the same, or show cause within 10 days why they should not be punished for contempt in not doing so. Plaintiffs herein answered said petition, setting up their claim to the said $1,000 as above detailed, all of which answer was stricken out

upon motion, except the allegations that they procured
the loan and retained $1,000 for themselves.   Also plain-
tiffs on the 23d day of June, 1906, by motion and affidavit
in the county court, asked for an order that Harvey H.
Cole be made a party to this proceeding as the heir of the
decedent, and as the party with whom the contract was
made, which application was allowed *ex parte;* but after-
wards, on July 9th, said order was revoked and the cause
set for hearing July 18, 1906, whereupon, July 16, 1906,
this review proceeding was commenced, the petition for
which contains sufficient recitals to disclose the fore-
going facts.   On the return day of the writ, namely, July
27th, the administrator, by his attorneys, filed a motion
to quash the writ, for the reason that the petition was
not filed within six months after the making of the order
of November 20, 1905, and that no reviewable order had
been made by the court.   It also assigns other grounds,
but which relate only to the merits.   The circuit court
granted said motion to quash the writ, for the reason that
it appeared from the petition that the orders sought to be
reviewed are not final decisions or orders, and therefore
not subject to review.             AFFIRMED.

For appellant there was a brief over the names of
*Messrs. Carson & Cannon* and *Mr. Frank Holmes,* with
oral arguments by *Mr. A. M. Cannon* and *Mr. Holmes.*

For respondent there was a brief over the names of
*Messrs. Hedges & Griffith* and *Mr. John Bayne,* with oral
arguments by *Mr. Hedges* and *Mr. Bayne.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The only ruling made by the circuit court was upon
the motion to dismiss or quash the writ.   The appeal has
been argued here by both parties upon the merits as well
as upon the motion, but we can consider no question not
passed on by the lower court.

2. We are first met by the question whether the peti-
tion for the writ alleges sufficient facts to disclose error

and justify the issuance of the writ. B. & C. Comp. § 596, provides that the writ shall be allowed by the court of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff describing the same with convenient certainty, and setting forth the errors relied on. So it necessarily must contain a sufficient statement of the facts, when taken as true, to disclose to the court that the plaintiff is entitled to the writ. Mr. Justice WOLVERTON, in *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852), holds that the petition should state such facts as would show *prima facie* by an inspection of it that the inferior court has acted without jurisdiction or has exercised its functions erroneously; and, as in other pleadings, a statement of a conclusion of law is bad, and reference cannot be had to the return to supply omissions in a petition. Mr. Chief Justice MOORE, in *Fisher* v. *Union County,* 43 Or. 223 (72 Pac. 797), also holds that the petition must state the facts from an inspection of which the court can determine whether an injury has been done the petitioner; and the averment of conclusions of law are insufficient as a basis for any relief. Therefore, if the petition does not state such facts as disclose error in the rulings of the lower court, then the merits of the case cannot be considered.

3. As appears by the petition for the writ in this case, there had been no decision or determination of the matter pending. The proceedings had just been put at issue and the cause set for trial when they were stayed by the order granting the writ. Therefore there was nothing to be reviewed. Review lies only from the decision or determination of the proceeding (B. & C. Comp. §§ 595, 596), and not from an interlocutory order, such as the decision upon a motion to strike out part of an answer or to bring in a new party. This court has frequently held that the writ of review is substantially the common-law remedy by *certiorari*: *Dayton* v. *Board of Equaliza-*

*tion,* 33 Or. 131 (50 Pac. 1009) ; *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 539, 1089). At common law the writ was used both as a writ of review after final judgment, and also for removing the entire cause at any stage of the proceeding for hearing and determination in the superior court: Harris, Certiorari, 4; 2 Spell. Extr. Rel. §§ 1894, 1917; *State ex rel.* v. *Walbridge,* 123 Mo. 524 (27 S. W. 379, 28 S. W. 586). Our statute by Sections 595 and 603 defines the office of the writ which is only the power of review; and therefore it cannot operate to remove the cause to the circuit court for trial. This is recognized as its office, regardless of statute: Harris, Certiorari, § 194. In 2 Spell. Extr. Rel. § 1894, it is said: "It was a distinguishing feature of this remedy at common law that it was the appropriate writ for the removal of a cause before judgment, while the writ of error removed it afterwards. But it has now become the general and settled, if not the universal practice, to refuse the writ of *certiorari* where sought while the proceedings below are still pending and undetermined, and that it does not go to inferior courts, tribunals, or officers exercising judicial functions until the proceedings before them are completed, and a final determination or adjudication had. And where the record brought up by writ of *certiorari* shows upon its face that no final judgment has been entered in the court below, and that the cause is still pending there, the writ will be quashed."

4. The matter sought to be reviewed here was still pending in the county court and undetermined when the writ was issued, and there was nothing for the consideration of the superior court. This sufficiently appears upon the face of the petition. It is claimed by appellants, however, that the writ cannot be dismissed or quashed upon motion, that, after it is once issued, it can be heard only upon the merits; but this position is untenable. An application for an order is a motion (B. & C. Comp. § 534), and the definition of a motion and an order in

an action are applicable to similar acts in a special proceeding (B. & C. Comp. § 593). If the petition is insufficient to present an issue to the court, the adverse party may attack it before it comes on for hearing on the merits.

5. This is a special proceeding, and a motion is the proper method for calling to the attention of the court any matter requiring its action. The writ is issued *ex parte,* and if, upon an examination of the petition in the first instance, the judge finds it insufficient, he should disallow the writ: B. & C. Comp. § 596; *Ferguson* v. *Byers,* 40 Or. 468 (67 Pac. 1115, 69 Pac. 32). If he has inadvertently issued the writ, the adverse party is not precluded thereby from questioning the sufficiency of the petition. No errors can be considered upon the merits except those properly brought up by the petition (*Fisher* v. *Union County,* 43 Or. 223: 72 Pac. 797), and, when it is insufficient to raise any question, the court must dismiss it. It has always been the practice of the trial courts to entertain such a motion, and it has not been questioned in this court. In *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 852), the writ was dismissed by the circuit court upon motion to quash the writ for insufficiency of the petition, which was the only question presented in this court, and the ruling was sustained. This is also recognized in *Gaston* v. *Portland,* 48 Or. 82 (84 Pac. 1040), and is the rule regardless of statute, as was held in *State ex rel.* v. *Walbridge,* 123 Mo. 524 (27 S. W. 379, 28 S. W. 586); *Randle* v. *Williams,* 18 Ark. 380; *Haines* v. *Campion,* 18 N. J. Law, 49; *State* v. *Ten Eyck,* 18 N. J. Law, 373; *Gregory* v. *Dixon,* 7 Wash. 27 (34 Pac. 212).

Therefore the writ was properly quashed; and the judgment of the lower court is affirmed.

                                        AFFIRMED.