Argued Jan. 24, decided Jan. 31, rehearing denied March 14, 1911.

## KINNEY v. CITY OF ASTORIA.

[113 Pac. 21.]

CERTIORARI—PETITION—REQUISITES.

1. Under Section 604, L. O. L., providing that the writ of review shall be allowed by the court on petition describing the same with convenient certainty, and setting forth the alleged errors, a petition for a writ of review must describe the proceedings of which petitioner complains with sufficient certainty to enable the court to determine that the proceeding is erroneous as claimed.

CERTIORARI—WRIT OF REVIEW—HEARING.

2. The court may on motion quash a writ of review where it appears that it was issued unadvisedly.

3. A petition for a writ of review to review proceedings by a city to acquire land for an alley, which alleges that the city attempted to take steps to lay out an alley between designated streets across the land of petitioner and others, and to assess the damages and benefits, that the damages to the property of the petitioner was a specified sum and there were no benefits, that the city proposed to pay for the damages above benefits to the petitioner a less amount, and that the city completed its proceedings by adopting the viewers' report, is insufficient, as failing to describe enough of the proceedings to show that the city had done anything prejudicial to the rights of the petitioner.

CERTIORARI—PETITION—HEARING.
4. The court on a petition for review can consider only the errors disclosed by the petition.

From Clatsop:   JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is a writ of review proceeding by M. J. Kinney, against the city of Astoria.   At the inception of this proceeding the plaintiff filed in the circuit court of Clatsop County his petition containing the following allegations:

"Your petitioner would represent that he is one of the parties concerned in the following described proceedings and is the fee-simple owner of the land attempted to be appropriated by the proceedings referred to.   The city of Astoria, the above-named defendant, did on or about the 19th day of April, 1909, attempt to take steps to lay out an alley or street 25 feet wide in said city, extending from the western end of Grand Avenue to Twelfth Street in the town of McClures, Astoria, over and across the land of M. J. Kinney and others, and to appropriate a strip of said Kinney's land varying in width from 12½ feet to 25 feet and being about 200 feet long, and to assess and determine the damages and benefits to his adjacent land for a distance of 100 feet on each side of said street or alley by adopting a report of pretended viewers of said proposed street or alley; that the damages to the property of your petitioner by said proposed action would amount to $2,500; and that there would be no benefits therefrom.   That the city proposes to pay for excess of damages in said proceeding, above benefits, to petitioner the amount of $518.   That said city completed

its proceedings herein on the 19th day of April, 1909, by adopting the alleged viewers' report as alleged."

These allegations were followed by a number of assignments of error in the form of conclusions of law sought to be deduced by the plaintiff as reasons for overturning the proceedings of which he complains. The circuit court issued a writ of review upon this petition, and when the defendant appeared it moved the court to quash the writ for the reason that the petition for the same does not state facts sufficient to authorize issuance of such writ. The court, after full hearing, having meanwhile overruled the motion to quash, finally dismissed the writ, from which judgment the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. John F. Hamilton.*

For respondent there was a brief over the names of *Mr. Charles H. Abercrombie,* city attorney, and *Mr. George C. Fulton,* with oral arguments by *Mr. Fulton* and *Mr. A. W. Norblad.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. Section 604, L. O. L., provides:

"The writ shall be allowed by the circuit court or judge thereof, or by the county court or judge of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the same with convenient certainty, and setting forth the errors alleged to have been committed therein."

We deem it unnecessary to consider more than the sufficiency of the petition. When a writ of review is granted, the tribunal granting it, in effect, says to the petitioner *ex parte*:

"The court will by its writ call for the proceedings you have described, and, when brought up, if it appears to be erroneous in the manner you have alleged, such disposition will be made of it as the law shall direct."

It is incumbent upon the petitioner, therefore, to describe the proceedings of which he complains with sufficient certainty and detail to enable the court upon reading the petition to determine in the first instance, so far as it may upon an *ex parte* application, that the proceeding is erroneous as claimed.

2. The court may in the first instance issue the writ without being fully advised, yet, if on hearing the defendant's motion to quash the writ it shall appear that the same was issued unadvisedly, it is the duty of the court even then to dismiss the writ.

3. The petition in this case does not state any fact or sufficiently describe any proceeding whereby the court can say *prima facie*, that the plaintiff has been injured. Indeed, the petition states that the city adopted a report of pretended viewers of a proposed street or alley, but it does not give the contents of the report so that a court can determine wherein the plaintiff was injured. For all that appears on the face of the petition, the viewers may have reported in favor of abandoning the attempt to lay out on alley. The petition should state enough in describing the proceedings to show the court that the city had done something prejudicial to the rights of the plaintiff. It is not sufficient to say that the city attempted to take steps to lay out an alley. The proceedings of the city should be detailed far enough to enable the court to draw the conclusion that it had attempted to take steps to lay out an alley, if such an attempt is inimical to plaintiff's rights. In brief, the petition contains nothing except conclusions of law and alleges no fact whereby the court can say that the plaintiff's rights were infringed.

4. The subsequent proceedings cannot rise higher than its source, which is the petition for the writ. The court cannot consider any errors except those disclosed by the

petition.    There being nothing in the petition whereby the court can determine whether the assignments of error are well founded or not, the petition is clearly insufficient to authorize issuance of the writ:    *Fisher* v. *Union County*, 43 Or. 223 (72 Pac. 797) ; *Holmes* v. *Cole*, 51 Or. 483 (94 Pac. 964) ; *Raper* v. *Dunn*, 53 Or. 203 (99 Pac. 889).

The circuit court committed no error in finally dismissing the writ.

Its action should be affirmed, and it is so ordered.

AFFIRMED.

Submitted Feb. 8, decided Feb. 14, rehearing denied March 14, 1911.