Submitted on briefs September 27, affirmed October 25, 1921.

# SUSTAR *v.* COUNTY COURT FOR MARION COUNTY.

(201 Pac. 445.)

**Criminal Law—Requisite of Petition for Writ of Review Stated.**

1. Petition for writ of review must state enough facts to show
plaintiff entitled to the writ, describe with certainty the judicial
functions claimed to have been improperly exercised, and set forth
the alleged errors, and not thus making a *prima facie* showing of
error, but alleging only conclusions of law and meager facts, is
insufficient.

**Criminal Law—Writ of Review to be Disallowed for Insufficiency
of Petition.**

2. Petition for writ of review being insufficient, writ should be
disallowed in the first instance.

**Criminal Law—Writ of Review not of Right, but of Sound Discre-
tion.**

3. One is not entitled to a writ of review as matter of right,
but the granting or refusal thereof rests in the court's sound dis-
cretion, the court, however, exercising a liberal discretion.

**Criminal Law—Plea of Guilty Waives Right to Trial.**

4. One by pleading guilty waives his right to trial, and admits
the truth of the charge.

**Criminal Law—Assertion in Petition for Writ of Review Held a
Conclusion.**

5. Assertion in petition for review that the sitting of the court
was private, and contrary to Section 967, L. O. L., without any
allegation of fact on which to base it, is a mere conclusion, and so
insufficient.

---

3. Where writ of *certiorari* issues, see note in 12 **Am. Dec.** 530.

Intoxicating Liquors—Complaint Charging Possession of Moonshine Whisky Contrary to Statute Charges a Crime.

6. Complaint charging unlawful possession of moonshine whisky, contrary to the statute, charges a crime, Section 2224-4, Or. L., declaring that except as hereinafter provided it shall be unlawful to possess any intoxicating liquor.

Criminal Law—Sentence Within Limits of Statute Generally Discretionary, and not Reviewable.

7. Generally speaking, a sentence to pay a fine and to imprisonment, within the limit prescribed by the statute, is within the discretion of the trial judge, and not reviewable.

Criminal Law—When Punishment by Reason of Duration is "Cruel and Unusual" Stated.

8. That a punishment may be declared "cruel and unusual" with reference to its duration, it must be so proportioned to the offense as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances.

Criminal Law—Prohibition Statute not Violation of Constitution as to Excessive Fines and Cruel and Unusual Punishment.

9. Section 2224-61, Or. L., declaring for violation of the prohibition statute a fine of not less than $100 nor more than $500, or imprisonment of not more than six months, or both, in the discretion of the court, does not conflict with Article I, Section 16, Constitution, forbidding the imposition of excessive fines or infliction of cruel and unusual punishment, and commanding that penalties shall be proportioned to the offense.

Criminal Law—Evidence not Reviewed on Appeal from Writ of Review.

10. Writ of review being a special proceeding, the evidence cannot be reviewed on appeal from denial thereof.

From Marion: George Bingham, Judge.

In Banc.

This is an appeal from an order denying plaintiff's application for the issuance of a writ of review. On the twelfth day of July, 1921, P. Sustar, plaintiff, filed in the Circuit Court of the State of Oregon in and for Marion County his verified petition, and certified to by his attorney, seeking a writ of review. From his petition, it appears that plaintiff was ac-

---

8. What is cruel and unusual punishment, see notes in 19 Ann. Cas. 725; Ann. Cas. 1918B, 396.

cused by a complaint filed in the County Court of the State of Oregon for the county of Marion, charging:

"That the said P. Sustar, on the thirtieth day of June, 1921, in the county of Marion, State of Oregon, then and there being, did then and there wrongfully and unlawfully possess intoxicating liquor, to wit: two quarts of moonshine whiskey * * contrary to the statutes in such case made and provided and against the peace and dignity of the State of Oregon."

Petitioner entered a plea of guilty to this charge, and was sentenced by the court to pay a fine of $500 and to serve six months in the county jail.

The petition alleges that the sentence imposed is illegal and unlawful and in conflict with Section 16, Article I of the Constitution of the State of Oregon reading as follows:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishment shall not be inflicted, but all penalties shall be proportioned to the offense * * ,"

and that it is otherwise illegal and unlawful for the reason that the so-termed State Prohibition Act does not denounce the mere possession of intoxicants as a crime, save and except possession of such liquor at a dance.

The petition further asserts that there was no process issued for petitioner's arrest, and that a night session of court was prearranged; that he was not informed of his rights, but pleaded guilty upon the promise of receiving a sentence not to exceed a fine of $50; that the proceedings had violated Section 11 of the organic law and Section 967, L. O. L.

The petition prays:

"That the court declare and decree that said County Court, in the exercise of its judicial functions, exercised the same erroneously and exceeded its juris-

diction to the injury and substantial rights of this petitioner; that all proceedings had therein be vacated and set aside, * * and that the penalties already suffered by petitioner through the wrongful acts and proceedings herein complained of, be deemed full and adequate provided a transgression of the law be found.''

From the order denying his application, petitioner appeals to this court.                    Affirmed.

For appellant there was a brief over the name of *Mr. Paul C. Dormitzer.*

For respondent there was a brief over the name of *Mr. John H. Carson.*

BROWN, J.—1, 2. The petition in every application for a writ of review should contain a sufficient statement of facts, when taken as true, to disclose to the court that the plaintiff is entitled to the writ. It must describe with certainty the judicial functions claimed to have been exercised to the substantial injury of the plaintiff's rights and must set forth the errors of law alleged to have been committed: *Holmes v. Cole,* 51 Or. 483, 486 (94 Pac. 964); *Curran v. State,* 53 Or. 154 (99 Pac. 420); *White v. Brown,* 54 Or. 7 (101 Pac. 900); *Elmore Packing Co.* v. *Tillamook County,* 55 Or. 223 (105 Pac. 898).

A petition for a writ of review should state facts with sufficient certainty and detail to make a *prima facie* showing of error, and, when this is not done, but only conclusions of law and some meager facts are alleged, the petition is insufficient: *Fisher v. Union Co.,* 43 Or. 223 (72 Pac. 797); *Holmes v. Cole, supra; Raper v. Dunn,* 53 Or. 203 (99 Pac. 889); *Kinney v. City of Astoria,* 58 Or. 186 (113 Pac. 21). If the

petition is insufficient, the writ should be disallowed in the first instance: *Holmes* v. *Cole,* 51 Or. 483, 488 (94 Pac. 964).

3. The petitioner was not entitled to a writ of review as a matter of right. The granting or the refusing to grant the writ rests in the sound discretion of the court: *Burnett* v. *Douglas County,* 4 Or. 392; *Reiff* v. *Portland,* 71 Or. 421 (141 Pac. 167, 142 Pac. 827, L. R. A. 1915D, 772); 5 R. C. L., pp. 254, 255; 11 C. J., pp. 106, 107. That the court exercises a liberal discretion, see authorities in note, 50 L. R. A., p. 788; see also *Rutter* v. *Burke,* 89 Vt. 14 (93 Atl. 842).

4. Now, turning to the allegations contained in the petition, what errors of law were committed by the court below? The petition asserts that the court violated the following provision of the Constitution:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Article I, Section 11, Oregon Constitution.

In so far as the record appears, the rights guaranteed the defendant by this section were accorded him. The nature and cause of his accusation were set forth in the complaint. He was informed by that document that he was charged with the unlawful possession of two quarts of whisky. By pleading guilty he waived his right to trial and admitted the truth of the charge.

5. As to the assertion of petitioner that the sitting of the court was private and contrary to the terms of

Section 967, L. O. L., we find no allegation of fact in the petition upon which to base that conclusion. A mere assertion of a conclusion does not satisfy the requirement that the facts be stated.

6. Plaintiff asserts that the possession of intoxicating liquor under the circumstances was not a crime. He overlooks the amendment to the original prohibition law. The allegations of the complaint state a violation of the prohibition law as it now exists. The original dry act designated Chapter 141, General Laws of Oregon, 1915, was amended by the legislative assembly of 1917 by the enactment of Chapter 40, Laws of 1917. Section 1 of that act amended Section 5 of Chapter 141, General Laws of Oregon for 1915, to read as follows:

"Sec. 5. Except as hereinafter provided in this amendatory act, it shall be unlawful for any person to * * possess * * any intoxicating liquor within this state * * ." Section 2224-4, L. O. L.

Hence, the complaint clearly charged a crime. The prohibition law denounces as a misdemeanor the act of the defendant as described in the complaint, and upon conviction therefor the law prescribes a penalty, consisting of a fine, or imprisonment in the county jail, or both such fine and imprisonment, in the discretion of the court: Laws 1915, Chap. 141, § 36; Section 2224-61, L. O. L. The court, in passing sentence upon the defendant, went to the verge by inflicting the extreme penalty, nevertheless, this sentence was within the law.

7. Generally speaking, a fine within the limit of the penalty prescribed by the prohibition statute is within the discretion of the trial judge, and is legal and not the subject of review: *McCollum* v. *State,* 119 Ga. 308 (46 S. E. 413, 100 Am. St. Rep. 171). There is noth-

ing in the petition that brings the instant case within any exception to this rule.

The following punishments for illegal sales of liquor have been held not to be cruel and unusual, or excessive, within the meaning of constitutional provisions such as Section 16, Article I, Oregon Constitution:

"A fine of $300 and 1 year's confinement for violation of local option law has been held not excessive." *Ex parte Swan,* 96 Mo. 44 (9 S. W. 10).

"A fine of $1,000 and costs, though the accused believed in good faith the law was unconstitutional and discontinued his business when the law was declared valid." *State* v. *Baber,* 74 Iowa, 760 (38 N. W. 380).

"In Georgia, a fine of $500 for a single sale to a minor." *McCollum* v. *State,* 119 Ga. 308 (46 S. W. 413, 100 Am. St. Rep. 171).

"A fine of $200 upon each of 16 counts in an indictment for selling without a license." *Fletcher* v. *Commonwealth,* 106 Va. 850 (56 S. E. 149).

"Or the full penalty upon each count, even though the penalty imposed be imprisonment fixed successively to commence at the expiration of the next preceding sentence." *Bolin* v. *People,* 73 Ill. 488; *Mullinix* v. *People,* 76 Ill. 211; *Lovelace* v. *State* (Tex. Cr. App.), 49 S. W. 601; *Briffitt* v. *State,* 58 Wis. 39 (16 N. W. 39, 46 Am. Rep. 621).

"A fine and costs amounting to $4,000, which would cause imprisonment for about 12 years for nonpayment thereof, where defendant had willfully violated two conditional pardons for offense." *Ex parte Brady,* 70 Ark. 376 (68 S. W. 34).

"A penalty of two years in county jail." *State* v. *Dowdy,* 145 N. C. 432 (58 S. E. 1002).

"Two years in county jail and to work on county roads where defendant was habitual offender." *State* v. *Farrington,* 141 N. C. 844 (53 S. E. 954).

"A fine of not less than $100 nor more than $500 and costs, or imprisonment in county jail not less

than 90 days nor more than 1 year, or both, for illegal sale by druggist." *Luton* v. *Palmer,* 69 Mich. 610 (37 N. W. 701).

"A fine of not less than $100 or more than $500 and imprisonment in county jail for not less than 60 days or more than 6 months." *State* v. *Becker,* 3 S. Dak. 29 (51 N. W. 1018).

"A fine of $500 and sentence to work on streets for 30 days." *Loeb* v. *Jennings,* 133 Ga. 796 (67 S. E. 101, 18 Ann. Cas. 367).

"A maximum term of imprisonment of 1 year and fine of $300, and, on failure to pay fine, imprisonment not to exceed three years in all." *State* v. *Hodgson,* 66 Vt. 134 (28 Atl. 1089).

"A fine of not less than $200 or more than $1,000 and imprisonment in the state penitentiary for not less than 90 days or more than 1 year is not cruel and unusual punishment for the violation of an order restraining the trafficking in liquor." *Ex parte Keeler,* 45 S. C. 537 (23 S. E. 865, 55 Am. St. Rep. 785, 31 L. R. A. 678).

And we could cite many other instances of like import.

A statute providing for a fine of not less than $100 nor more than $500, or imprisonment of not less than six months, or both such fine and imprisonment, in the discretion of the court, is not an excessive fine nor the infliction of cruel and unusual punishment: *Cardillo* v. *People,* 26 Colo. 355 (58 Pac. 678). See *McDonald* v. *Commonwealth,* 173 Mass. 322 (53 N. E. 874, 73 Am. St. Rep. 293); *State* v. *Phillips,* 73 Minn. 77 (75 N. W. 1029); *State* v. *Durnam,* 73 Minn. 150 (75 N. W. 1127); *People* v. *Crotty,* 22 N. Y. App. Div. 77 (47 N. Y. Supp. 845); *Ex parte Bates,* 37 Tex. Cr. Rep. 548 (40 S. W. 269). See *State* v. *Edwards,* 109 La. 236 (33 South. 209).

That part of Section 16 of the Oregon Bill of Rights referred to herein contains three prohibitions and one command:

"1. Excessive bail shall not be required.

"2. Nor excessive fines imposed.

"3. Cruel and unusual punishment shall not be inflicted.

"4. All penalties shall be proportioned to the offense."

In the case of *Weems* v. *United States,* 217 U. S. 349, 367 (54 L. Ed. 793, 30 Sup. Ct. Rep. 544, 19 Ann. Cas. 705), the Supreme Court of the United States declared that:

"It is a precept of justice that punishment for crime should be graduated and proportioned to the offense."

8. In order to justify the court in declaring punishment cruel and unusual with reference to its duration, the punishment must be so proportioned to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances: *Weems* v. *United States, supra.*

In considering the case at bar, it should be kept in mind that the state and federal Constitutions have declared intoxicating liquor for beverage purposes to be an outlaw. The dry law is not an ephemeral statute. It was enacted to carry out the policy of prohibition written into the fundamental law by the people. The prohibition statute is a criminal statute. It has been committed to the officers of the law for the purposes of enforcement. Our government is a government of law.

9, 10. There is nothing before this court authorizing it to declare that the penalty in the instant case is excessive. The statute is not in conflict with the

constitutional provision hereinbefore noted. We assume that the penalty was proportioned to the offense as commanded by Section 16, Article I, Oregon Constitution. There may, or may not, have been aggravating circumstances. A writ of review is a special proceeding, and we cannot review the evidence.

The ruling appealed from is affirmed.

AFFIRMED.