Ex parte Earl SHERWOOD, Applicant.
No. 142–59.

United States District Court
D. Oregon.
Sept. 16, 1959.

Earl Sherwood pro se.
Robert Y. Thornton, Atty. Gen. of
Oregon, and Robert G. Danielson, Asst.

Atty. Gen. of Oregon, for Warden Gladden.

SOLOMON, Chief Judge.

This case is now before the Court on the motion of Clarence T. Gladden, Warden of the Oregon State Penitentiary, to dismiss the habeas corpus proceedings filed by Earl Sherwood. In his application for a writ, Sherwood alleges that his "imprisonment and restraint is not by virtue of any valid judgment of any State court having jurisdiction to render such a judgment."

He further alleges that the purported authority for his imprisonment is a judgment of the Jackson County Circuit Court dated September 20, 1949, reciting that he was guilty of the crime of "Forgery—Uttering & Publishing a Forged Bank Check" and an order nunc pro tunc in the same court on January 12, 1951, in which the judgment was changed to the crime of "Assault with Intent to Rob".

Sherwood alleges that his imprisonment is illegal and the judgment of conviction is void because he was denied due process and the equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States in the following respects:

(1) He was deprived of a jury trial without having lawfully waived such right or having been advised by the court concerning it.

(2) His jailers forcibly deprived him of the right to appeal until long after the time for appeal had expired.

It appears from the certified copies of the proceedings in Jackson County, Oregon, that on September 8, 1949, Earl Sherwood waived indictment and consented to the filing of an information charging him with the crime of assault with intent to rob. On the same day, he entered a plea of guilty after having been informed of his right to counsel and after having again waived indictment. The case was continued so that the court could examine Sherwood's FBI report.

On September 20, 1949, Sherwood was sentenced for an indeterminate period not to exceed 12 years for the crime of "Forgery—Knowingly Uttering & Publishing a Forged Bank Check". On January 12, 1952, the court found that the order on sentence erroneously charged Sherwood with "the crime of Forgery—Knowingly Uttering & Publishing a Forged Bank Check when in truth and in fact the charge upon which the said defendant, Earl Sherwood, was arraigned and sentenced was Assault with Intent to Rob." A new order on sentence was entered on that day nunc pro tunc as of September 20, 1949, sentencing Sherwood to an indeterminate term not to exceed 12 years for the crime of "Assault with Intent to Rob".

■ There is no merit to Sherwood's contention that he was deprived of his constitutional rights because he was deprived of a jury trial. The record shows that he entered a plea of guilty after having waived indictment and after having been advised of his right to counsel. Sherwood admitted the crime. In Oregon the punishment for such offense is a matter to be determined solely by the court. There was no provision or occasion for a jury trial after such plea.

■■ Nor is there any merit to the contention that he was forcibly deprived of the privilege to appeal. None of the authorities upon which Sherwood relies involve an appeal from a judgment of conviction and sentence based upon a plea of guilty. A plea of guilty, if knowingly and voluntarily made, is a conclusive admission of all material allegations of the information. Sustar v. County Court for Marion County, 1921, 101 Or. 657, 201 P. 445.

Sherwood does not contend that his plea was not freely and voluntarily made. An appeal would therefore be limited to the contention that the sentence imposed constituted "excessive, cruel or unusual punishment". Huffman v. Alexander, 1953, 197 Or. 283, 251 P.2d 87, 106, 253 P.2d 289. No such contention could be successfully urged here because at the time Sherwood entered his plea of guilty to the crime of assault with intent to rob, the statute authorized a sentence of life imprisonment or a sentence for a period

of not less than one year nor more than 20 years. § 23–427 O.C.L.A. Sherwood's sentence of 12 years was within the statutory limits, and an appellate court has no authority to alter or modify such sentence. Huffman v. Alexander, supra; Cochran v. United States, 8 Cir., 1930, 41 F.2d 193.

Sherwood does not contend that the obvious clerical error appearing in the order on sentence, to the effect that he had been arraigned on a crime of "Forgery—Knowingly Uttering & Publishing a Forged Bank Check", instead of on "Assault with Intent to Rob", deprived him of his constitutional rights. However, because Sherwood is appearing without counsel, I made an independent analysis of this situation, and I am satisfied that he was neither deprived of any constitutional rights nor was he prejudiced in any way by the original clerical error or its correction by a nunc pro tunc order.

I am likewise satisfied that the petition must be dismissed because the applicant at the time he instituted these proceedings had failed to exhaust his remedies in the state courts. The proceedings referred to in paragraph 8 of Sherwood's petition do not satisfy the requirements of 28 U.S.C. § 2254. They involve an original application filed in the Supreme Court of Oregon, which that Court on jurisdictional grounds refused to accept. It had previously refused to accept a similar petition. The Oregon law requires that such petitions be filed in a circuit court rather than in the Supreme Court. § 11–442 O.C.L.A. In addition, Chapter 636, Oregon Laws 1959, now in force, which relates to post conviction relief in criminal cases, makes it no longer necessary for state prisoners, in most instances, to continue to seek relief through habeas corpus proceedings in the Federal Courts. The procedure set forth in the Oregon statute will afford Earl Sherwood adequate and complete opportunity for relief.

Earl Sherwood's application for a writ of habeas corpus will therefore be dismissed.