Argued and submitted November 4, 2008, order of Court of Appeals reversed, and case remanded to that court for further proceedings February 12, 2009

**STATE OF OREGON,**
*Respondent on Review,*

*v.*

**BRYAN TIMMOTHY BAKER,**
*Petitioner on Review.*

(CC 05FE0977MS; CA A132245; SC S055809)

202 P3d 174

David C. Degner, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney-in-Charge, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

**KISTLER, J.**

The question in this case is whether a criminal defendant who pleads guilty may claim on direct appeal that his or her sentence is unconstitutionally disproportionate. The Court of Appeals held that a defendant may not do so and, applying that rule, issued an order dismissing defendant's appeal. We allowed defendant's petition for review and now reverse the Court of Appeals order and remand for further proceedings.

The state charged defendant with 21 counts of second-degree sexual abuse and 54 counts of incest. Pursuant to a plea agreement, defendant pled guilty to five counts of second-degree sexual abuse and five counts of incest. The trial court sentenced him to 180 months in prison on the five counts of sexual abuse. It sentenced him to 30 months in prison on the five counts of incest, to be served concurrently with his sentence on the sexual abuse convictions. The trial court entered judgment accordingly, and defendant appealed. In his opening brief, defendant argued that a 180-month sentence for five counts of second-degree sexual abuse was not "proportioned to the offense" within the meaning of Article I, section 16, of the Oregon Constitution.

The state moved to dismiss defendant's appeal, noting that ORS 138.050(1) permits a defendant to appeal from a guilty plea on two grounds.[1] A defendant may appeal on the ground that the sentence "[e]xceeds the maximum allowable by law." ORS 138.050(1)(a). Alternatively, a defendant may appeal on the ground that the sentence "[i]s unconstitutionally cruel and unusual." ORS 138.050(1)(b). The state argued that the claim that defendant raised in his opening brief— that his sentence was unconstitutionally disproportionate— does not come within either of those two grounds for appeal.[2]

---

[1] ORS 138.050(1) provides that:

"Except as otherwise provided in ORS 135.335[, allowing conditional guilty pleas], a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)  Exceeds the maximum allowable by law; or

"(b)  Is unconstitutionally cruel and unusual."

[2] The state has not argued that defendant failed to "mak[e] a colorable showing" that his claim comes within ORS 138.050(1)(a) or (b). Rather, the state has

As noted, the Court of Appeals agreed and dismissed defendant's appeal. We allowed defendant's petition for review to consider this recurring issue.

The issue in this case turns on a question of statutory construction: does a claim that a sentence is unconstitutionally disproportionate come within the terms of ORS 138.050(1)? To prevail, the state must show that a challenge to a sentence as unconstitutionally disproportionate is not a claim that the sentence either "[e]xceeds the maximum allowable by law," ORS 138.050(1)(a), or is "unconstitutionally cruel and unusual," ORS 138.050(1)(b). We begin with the latter phrase.

Textually, the phrase "unconstitutionally cruel and unusual" identifies a set of claims that, by definition, find their source outside the statute; that is, the text of ORS 138.050(1)(b) directs us to look to the state and federal constitutions to determine which claims that phrase includes. Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution prohibit cruel and unusual punishment, and both this court and the United States Supreme Court have issued decisions discussing claims arising under those constitutional provisions. Those decisions provide the context for determining which claims come within the phrase "unconstitutionally cruel and unusual." *See Weber and Weber*, 337 Or 55, 67, 91 P3d 706 (2004) (explaining that "this court presumes that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing upon those statutes").

We begin with the Eighth Amendment to the United States Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Although the Eighth Amendment does not expressly prohibit disproportionate sentences, the United States Supreme Court has explained that "[t]he final clause [of the Eighth Amendment prohibiting cruel and unusual punishments] prohibits not only barbaric punishments, but also sentences that are disproportionate to

argued that, even if defendant has made a colorable showing that his sentence is not proportionate, his proportionality claim still does not come within ORS 138.050(1)(a) or (b).

the crime." *Solem v. Helm*, 463 US 277, 284, 103 S Ct 3001, 77 L Ed 2d 637 (1983). Not only had "[t]he constitutional principle of proportionality * * * been recognized explicitly in th[e] Court for almost a century" before the decision in *Solem*, *id.* at 286, but a majority of the Court since then has continued to adhere to the proposition that the Eighth Amendment prohibition against cruel and unusual punishment includes a requirement that sentences be proportioned to the offense. *See Ewing v. California*, 538 US 11, 123 S Ct 1179, 155 L Ed 2d 108 (2003); *Harmelin v. Michigan*, 501 US 957, 111 S Ct 2680, 115 L Ed 2d 836 (1991).[3]

The Oregon legislature enacted the current version of ORS 138.050(1) in 1985. Or Laws 1985, ch 348, § 2. It did so two years after the Court reaffirmed in *Solem* that the Cruel and Unusual Clause of the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime." *Solem*, 463 US at 284. It follows that, when the legislature permitted a defendant who pleads guilty to appeal on the ground that his or her sentence is "unconstitutionally cruel and unusual," ORS 138.050(1)(b), that phrase necessarily includes a claim that the sentence is not proportioned to the offense in violation of the Eighth Amendment.

We reach the same conclusion under Article I, section 16, of the Oregon Constitution. That section provides, in part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the

---

[3] In *Ewing*, seven justices agreed that the Eighth Amendment contains a proportionality requirement, although they disagreed about the scope of the constitutional requirement and its application in that case. 538 US at 20-24 (opinion of O'Connor, J., with whom Rehnquist, C. J., and Kennedy, J., joined); *id.* at 35-36 (Breyer, J., with whom Stevens, Souter, and Ginsburg, JJ., joined, dissenting). Two justices would have held that the Eighth Amendment contains no proportionality requirement. *Id.* at 31 (Scalia, J., concurring in the judgment); *id.* at 32 (Thomas, J., concurring in the judgment). In *Harmelin*, seven justices agreed that the Eighth Amendment contains a proportionality requirement, although they also disagreed about the scope of the requirement and its application in that case. 501 US at 997-98 (Kennedy, J., with whom O'Connor and Souter, JJ., joined, concurring in part and concurring in the judgment); *id.* at 1009-21 (White, J., with whom Blackmun and Stevens, JJ., joined, dissenting); *id.* at 1024-27 (Marshall, J., dissenting). Two justices would have held that "*Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee" in noncapital cases. *Id.* at 965, 994 (opinion of Scalia, J., with whom Rehnquist, C. J., joined).

offense." Or Const, Art I, § 16. Unlike the Eighth Amendment, Article I, section 16, prohibits cruel and unusual punishment and also explicitly requires that penalties be proportioned to the offense. Since 1921, this court has described the proportionality requirement as an aspect of the prohibition against cruel and unusual punishment. *Sustar v. County Court for Marion Co.*, 101 Or 657, 201 P 445 (1921). In *Sustar*, the defendant pled guilty to possessing intoxicating liquor, and the trial court sentenced him to pay a fine of $500 and serve six months in the county jail. *Id.* at 659. On appeal, this court considered the defendant's claim that the length of his sentence was disproportionate to his crime in violation of Article I, section 16. *Id.* at 663-66. The court reasoned:

> "In order to justify the court in declaring punishment cruel and unusual with reference to its duration, the punishment must be so proportioned to the offense committed as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances."

*Id.* at 665. What is significant about *Sustar*, for the purposes of this case, is that the court described the defendant's proportionality argument as a claim that his sentence was "cruel and unusual with reference to its duration"; that is, the court described a proportionality claim as a type of cruel and unusual punishment claim.

Since *Sustar*, this court repeatedly has grouped state constitutional proportionality challenges under the rubric of cruel and unusual punishment claims. *See, e.g.*, *State v. Rogers*, 313 Or 356, 379-80, 836 P2d 1308 (1992) (analyzing a proportionality challenge as a cruel and unusual punishment claim); *Cannon v. Gladden*, 203 Or 629, 632, 281 P2d 233 (1955) (quoting *Sustar* for the proposition that a proportionality challenge is a claim that the sentence is cruel and unusual with reference to its duration); *State v. Coffman*, 171 Or 166, 173, 136 P2d 687 (1943) (analyzing a proportionality challenge as a cruel and unusual claim). As this court summarized those cases in *Billings v. Gates*, 323 Or 167, 916 P2d 291 (1996), "a punishment would be cruel and unusual and, thus, unlawful, if it was 'so manifestly out of all proportion to the offence as to shock the moral sense with its barbarity.'" *Id.* at 174 (quoting 2 *Bouvier's Law Dictionary* 796 (1897)).

It follows from those cases that, when the legislature enacted the current version of ORS 138.050 in 1985, it would have regarded claims under Article I, section 16, and the Eighth Amendment in the same way. It would have understood that the rubric "unconstitutionally cruel and unusual" included claims brought under both the state and federal constitutions challenging the length of a sentence as well as the manner of punishment. The text of ORS 138.050(1)(b), considered in context, makes it clear that the phrase "unconstitutionally cruel and unusual" includes a claim that a sentence is not proportioned to the offense in violation of Article I, section 16.

The state, however, advances one contrary argument in a footnote. Citing *State v. Wheeler*, 343 Or 652, 175 P3d 438 (2007), the state contends that a state constitutional claim that a sentence is disproportionate is "clearly distinct" from a claim that the sentence is cruel and unusual and thus does not come within ORS 138.050(1)(b). *Wheeler* does not go as far as the state perceives. In *Wheeler*, this court reexamined the standard for determining when a sentence is proportioned to the offense. As part of that task, the court discussed the text of Article I, section 16, its history, and the case law surrounding it. *See Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992) (explaining that, in interpreting an original constitutional provision, the court considers "[i]ts specific wording, the case law surrounding it, and the historical circumstances that led to its creation").

In discussing the history of Article I, section 16, the court focused primarily on the historical sources and understanding of the proportionality requirement. *Wheeler*, 343 Or at 657-66. It also noted that, historically, the prohibition against cruel and unusual punishment had focused on unusual methods of punishment while the proportionality requirement had focused on the length of the sentence in relation to the nature of the offense. *Id.* at 661-66. The court observed that "the prohibition on cruel and unusual punishment and the requirement of proportionality appear to be independent constitutional commands, joined in one sentence because they both concern appropriate punishment for crimes." *Id.* at 666.

Consistent with the methodology set out in *Priest*, the court then turned to the cases construing Article I, section 16. It began with this court's opinion in *Sustar* and quoted the portion of that decision, which we have quoted above, that describes a proportionality challenge as a claim that a sentence is " 'cruel and unusual with reference to its *duration*.' " *Wheeler*, 343 Or at 668 (quoting *Sustar*, 101 Or at 665). The court neither addressed nor disapproved of *Sustar*'s description of a proportionality claim as a type of cruel and unusual punishment claim. Rather, it quoted that description without comment. Later in the opinion, the court adhered, with some clarification, to the "shocks the moral sense" standard that the court had announced in *Sustar* to determine when a sentence will be disproportionate to the offense. *Id.* at 670-77.

In the course of discussing the standard for determining when a sentence will be disproportionate to the offense, the court explained in *Wheeler* that proportionality and cruel and unusual punishment address different concerns. The court, however, did not expressly discuss, much less depart from, this court's consistent use of the rubric "cruel and unusual punishment" to describe both a claim that a sentence is disproportionate as well as barbaric. We are hesitant to read *Wheeler* for the proposition that it disapproved a classification that this court consistently has articulated and that *Wheeler* itself quoted.

In any event, the question before us is what the legislature meant in 1985 when it authorized a defendant who pleads guilty to challenge his or her sentence on the ground that it is unconstitutionally cruel and unusual. In our view, the correct interpretation of ORS 138.050(1)(b) derives from the context that existed when the legislature enacted that provision in 1985; that is, for the purposes of interpreting ORS 138.050(1)(b), the statutory phrase "unconstitutionally cruel and unusual" includes a claim that a sentence is not proportioned to the offense in violation of Article I, section 16. It follows that defendant's constitutional proportionality challenge comes within ORS 138.050(1)(b). In reaching that conclusion, we express no opinion on the merits of defendant's constitutional challenge, nor do we express an opinion on defendant's alternate argument that his proportionality

challenge comes within ORS 138.050(1)(a), which permits a defendant to challenge his or her sentence on the ground that it "[e]xceeds the maximum allowable by law." We hold only that the Court of Appeals erred in dismissing defendant's appeal on the ground that his challenge did not come within ORS 138.050(1)(b).

The order of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings.