IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CATHRYN R. HOPSON,                              )
                                               )
                 Plaintiff,                    )    TC-MD 230459N
                                               )
         v.                                    )
                                               )
DOUGLAS COUNTY ASSESSOR,                        )
                                               )
                 Defendant.                    )    **DECISION**

This matter came before the court on the parties' cross-motions for summary judgment. The parties now agree that, for the 2021-22 tax year, Defendant erroneously added exception value (EV) to property identified as Account R19365 (subject property) for "new" countertops.[1] Because the countertops were not new as of the 2021-22 tax year or any subsequent tax year, the parties agree that they were "nonexistent" property within the meaning of ORS 311.234(3)(b).[2] A correction is required under ORS 311.234(3)(b)(A) for the 2023-24 tax year, but the parties disagree on the statutory calculation of the correction amount.

I. STATEMENT OF FACTS

For the 2021-22 tax year, Defendant added EV totaling $12,921, resulting in a maximum assessed value (MAV) of $134,567. (First Coffel Affidavit at 2.) Of the 2021-22 EV, $3,082

---

[1] Plaintiff's Complaint challenged the subject property's value for both the 2021-22 and 2023-24 tax years. (Compl at 1, 3.) By Order entered April 26, 2024, the court granted Defendant's motion to dismiss with respect to Plaintiff's appeal for the 2021-22 tax year and her claim under ORS 311.205. The court denied Defendant's motion to dismiss with respect to Plaintiff's appeal for the 2023-24 tax year, finding Plaintiff had stated a claim under ORS 311.234(2)(b). Defendant then filed its first Motion for Summary Judgment on Plaintiff's claim under ORS 311.234(2)(b), which Plaintiff opposed. Upon concluding that a dispute of material fact existed whether the subject property countertops were "new" under ORS 311.234(2)(b), the court denied Defendant's motion by Order entered September 5, 2024. Both orders are incorporated herein by reference. During a case management conference held October 30, 2024, Defendant agreed that the 2021-22 EV added for the subject property countertops reflected new improvements that did not exist within the meaning of ORS 311.234(2)(b).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

was for the countertops. (Second Coffel Affidavit at 1.) Defendant multiplied that EV by the changed property ratio of 0.719, resulting in an increase of $2,215 to MAV. (*Id.* at 1-2.) For the 2022-23 and 2023-24 tax years, Defendant increased the subject property's MAV by three percent annually. (*See id.* at 2.) Defendant calculated that the portion of 2023-24 MAV attributable to the countertops was $2,349, which is $2,215 increased by three percent annually. (*Id.*) To correct the subject property's 2023-24 MAV to remove the EV added for the countertops, Defendant proposes to subtract $2,349 from the subject property's 2023-24 MAV of $142,762, resulting in a corrected 2023-24 MAV of $140,413.

Plaintiff agrees that the 2021-22 EV attributable to the countertops was $3,082. (Ptf's Mot at 1.) Plaintiff observes that subtracting that amount from the total 2021-22 EV results in a remaining 2021-22 EV of $9,839. (*Id.*) Plaintiff notes that amount is less than the $10,000 annual threshold for "minor construction" and reasons that no EV should have been added for the 2021-22 tax year. (*Id.*) Plaintiff proposes that the subject property's 2023-24 MAV should be $132,906, which is its 2021-22 MAV of $125,227 without the addition of EV, increased three percent annually. (*Id.*)

## II. ANALYSIS

The issue before the court is the calculation required under ORS 311.234(3)(b)(A) to reflect the removal of the countertops from the subject property's 2023-24 MAV.[3] ORS 311.234 was amended in 2015 to include new provisions creating a MAV correction for nonexistent property. *See* 2015 Or Laws ch 97, sec 1. No court has previously construed those provisions, so the court follows the framework for statutory interpretation set forth in *State v. Gaines*, 346 Or

---

[3] The court grants a motion for summary judgment when, viewing the facts in a manner most favorable to the adverse party, no genuine issue of material fact exists, and the moving party is entitled to prevail as a matter of law. TCR-MD 13, TCR 47 C. The parties maintain that no material facts remain in the dispute and the court agrees.

160, 172, 206 P3d 1042 (2009). The court's goal is to discern the legislature's intent and does so by first examining the text and context, then considering legislative history that is "useful to the court's analysis," and finally consulting general maxims of statutory construction to resolve any remaining uncertainty. *Id.* at 171-172.

ORS 311.234(3)(b)(A) states that "[a] correction under subsection (2)(b) of this section" – that is, for nonexistent property – "[m]ust reflect, *in a manner determined by the assessor*, the removal of the new property or new improvements to property from the assessment and tax rolls *as accepted by the assessor*." (Emphasis added.) The statute's text does not prescribe any specific formula but rather defers to the assessor to determine a satisfactory formula to reflect the correction. In that respect, the text tends to support Defendant's calculation.

Statutory context includes other provisions of the statute, including ORS 311.234(2) – which limits the correction to "the current tax year" – and ORS 311.234(5) – which requires a petition to be filed by December 31 of "the current tax year" in order for the assessor to make a correction. Here, the correction is for the 2023-24 tax year – as opposed to any other tax year – because Plaintiff filed a petition under ORS 311.234 for the 2023-24 tax year. (*See* Order on Mot to Dismiss at 2.) Plaintiff's appeal for the 2021-22 tax year was dismissed because Plaintiff failed to first appeal to the board of property tax appeals, and because Plaintiff failed to satisfy either of the two conditions for an appeal under ORS 305.288. (*Id.* at 8.) That context is relevant because Plaintiff's proposed correction is, essentially, a correction to the 2021-22 EV. As Defendant observes, Plaintiff "wants the court to rework the 2021-22 MAV exception value * * *." (Def's Cross-Mot at 4.) The court finds that the statutory context limiting the correction to the "current tax year" tends to support Defendant's calculation rather than Plaintiff's.

/ / /

Finally, the court considers any useful legislative history. In written testimony to the House Committee on Revenue, Tom Linhares, representing the Oregon State Association of County Assessors, described the problem that the statutory amendments addressed:

> "This new language would allow a county assessor, upon petition by a property owner, to reduce the MAV if in a prior year the MAV had been increased in error for new property or new improvements to property (exception value) that did not exist. What is happening is that property owners bring these errors to the attention of the county *one or two years after the assessor first added the value to the roll*. The assessor can reduce the RMV but not the MAV so non-existent property ends up being taxed forever."

(Emphasis added.) Linhares' description of the problem – a taxpayer notifying the assessor of an error "one or two years after" value was added to the roll – suggests that the correction under ORS 311.234 is outside of "the regular annual property tax valuation dispute process." (*See* Order on Mot to Dismiss at 3.) To put it another way, the correction under ORS 311.234 is not the same as the valuation appeal that may be taken each tax year, including for MAV. (*See id.*) Instead, the MAV correction under ORS 311.234 is a discrete remedy available in a later tax year when a taxpayer missed the regular annual property tax appeal process.

Other testimony received concerning the 2015 amendments confirms Linhares' articulation of the problem being addressed. In written testimony to the House Committee on Revenue, Polk County Assessor Douglas Schmidt gave the following example:

> "[The amendments] will give Assessors the ability to correct [MAV] when it is discovered it includes value for property or improvements that do not actually exist. My staff valued a new apartment complex for 2014 and inadvertently added in 24 units that did not exist, worth over $2,000,000. Fortunately, the error was found during a review of the property for a Board of Property Tax Appeal. Because this is the first year the property is on the tax roll, the [MAV] can be corrected. If the error had not been found this year, the [MAV] could not have been adjusted, only the Real Market Value. This change in statute will allow assessors to fix these errors *for the current year forward* so taxpayers are not paying on non-existent property."

(Emphasis added.) That letter supports the view that the correction was not retrospective; it was

for the current tax year only.  Like the statutory context, the legislative history tends to support Defendant's correction that is limited to the current year.

Upon consideration of the text, context, and legislative history of ORS 311.234(3)(b)(A), the court concludes that the proper calculation should only extend to correcting the subject property's MAV for the current tax year, which is 2023-24 in this case.  Defendant's proposed calculation is correctly limited to the contribution of the countertops to the subject property's 2023-24 MAV.  By contrast, Plaintiff's proposed correction extends beyond the contribution of the countertops in the current year and recalculates the subject property's 2021-22 MAV.  That type of recalculation would have been possible if Plaintiff had timely appealed the subject property's MAV for the 2021-22 tax year, but she did not.  In amending ORS 311.234 in 2015, the legislature did not intend to make the correction retroactive, but rather limited it to "the current tax year" as defined by taxpayer's petition to the assessor.  The court is aware of no other applicable authority supporting Plaintiff's broader MAV correction for the 2021-22 tax year.[4]

### III.  CONCLUSION

Upon careful consideration, the court concludes that Defendant's proposed calculation comports with ORS 311.234(3)(b)(A) by limiting the correction to the subject property's MAV for the current tax year, based on the petition date.  The court grants Defendant's Cross-Motion for Summary Judgment and denies Plaintiff's cross-motion.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of property identified as Account R19365 is dismissed for the 2021-22 tax year.

---

[4] In 2023, the legislature again amended ORS 311.234, this time permitting taxpayer to petition the assessor for a correction "for the current tax year *and for up to five tax years* immediately preceding the current tax year." ORS 311.234(1)(b) (2023) (emphasis added).  However, that amendment applies only to property tax years beginning on or after July 1, 2024.  Or Laws 2023, ch 231, sec 6; *see also Constantino v. Jackson County Assessor*, TC-MD 230442N, 2024 WL 2933152 (Or Tax M Div, Jun 11, 2024).

IT IS FURTHER DECIDED that the MAV of property identified as Account R19365 was $140,413 for the 2023-24 tax year.

_____

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on January 6, 2025.***